

U.S. Department of Justice

Channing D. Phillips
Acting United States Attorney

*District of Columbia*

---

*Judiciary Center
555 Fourth St., N.W.
Washington, D.C.  20530*

July 24, 2021

Charles Peruto
Attorney for Defendant
acperuto@gmail.com

      Re:    *United States v. Gina Bisignano*
             Case No. 21-cr-036 (CJN)

Dear Mr. Peruto:

    The government has made several productions to you via the USAfx platform for discovery in this case. This letter is provided to document those productions.

    PRODUCTION 1:

    On April 26, 2021, the government provided the following via USAfx:

- Transcription of Bisignano Custodial Interview;
- Facebook SW Return for account gina.m.bisignano;
- Instagram SW Return for account Ginasbeverlyhills;
- Body Worn Camera videos from Officer Roth and Officer McCloskey;
- 52 videos from Bisignano iCloud account;
- 3 videos from Capitol CCTV Footage;
- 16 additional video files

    PRODUCTION 2:

    On May 19, 2021, the government provided additional two video files via the USAfx portal.

PRODUCTION 3:

On July 23, 2021, the government uploaded the production that contains the materials as described in the attached index. The production begins with Bates-stamp CAP05_000005809 and ends with Bates-stamp CAP0_000007703.

All materials deemed "Sensitive" and "Highly Sensitive" should be treated in accordance with the Protective Order previously entered in this case. Any videos and grand jury materials should be considered Highly Sensitive, pursuant to the limitations in Paragraph 4 of the protective order.

Due to the extraordinary nature of the January 6, 2021 Capitol Attack, the government anticipates that a large volume of materials may contain information relevant to this prosecution. These materials may include, but are not limited to, surveillance video, statements of similarly situated defendants, forensic searches of electronic devices and social media accounts of similarly situated defendants, and citizen tips. The government is working to develop a system that will facilitate access to these materials. In the meantime, please let me know if there are any categories of information that you believe are particularly relevant to your client.

Please contact me if you have any issues accessing the information, and to confer regarding pretrial discovery as provided in Fed. R. Crim. P. 16.1.

I recognize the government's discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), its progeny, and Rule 16. I will provide timely disclosure if any such material comes to light. Consistent with *Giglio*, *Ruiz*, and 18 U.S.C. § 3500, I will provide information about government witnesses prior to trial and in compliance with the court's trial management order.

I request reciprocal discovery to the fullest extent provided by Rule 16 of the Federal Rules of Criminal Procedure, including results or reports of any physical or mental examinations, or scientific tests or experiments, and any expert witness summaries. I also request that defendant(s) disclose prior statements of any witnesses defendant(s) intends to call to testify at any hearing or trial. *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 255 (1975). I request that such material be provided on the same basis upon which the government will provide defendant(s) with materials relating to government witnesses.

Additionally, pursuant to Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3, I request that defendant(s) provide the government with the appropriate written notice if defendant(s) plans to use one of the defenses referenced in those rules. Please provide any notice within the time period required by the Rules or allowed by the Court for the filing of any pretrial motions.

I will forward additional discovery as it becomes available. If you have any questions, please feel free to contact me.

Sincerely,

KIMBERLY L. PASCHALL
Assistant United States Attorney

Enclosure(s)