**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No. 1:21-cr-00036-CJN-1 |
| | : | |
| | : | |
| GINA M. BISIGNANO | : | |

**MOTION TO WITHDRAW GUILTY PLEA AS TO COUNT 1 OF THE INDICTMENT**

Defendant Gina M. Bisignano ("Bisignano" or "Defendant"), by and through her undersigned counsel, respectfully submits this Motion to Withdraw Guilty Plea as to Count One of the Indictment, and states as follows:

**I. BACKGROUND**

Prior to the entry of Ms. Bisignano's guilty plea, she proffered with the United States, and made it clear that she did not know that entering the Capitol was obstructing a Senate hearing. To the contrary, she told the Government that she just followed the crowd, and thought that they were going to put pressure on Mike Pence. She also stated that she smoked some marijuana and drank alcohol which contributed to her lack of knowledge.

After much conversation, she came around to realizing that the pressure put on Mike Pence was while in a Senate hearing, and agreed to plead guilty to 18 U.S.C. § 1512(c)(2) and § 2, corruptly obstructing, influencing, or impeding an official proceeding. Several communications between the Defendant and Counsel, make it clear that she felt and feels very uncomfortable admitting guilt to this Count, when she had no such intention. Furthermore, in light of recent rulings by this Court, the Defendant has contacted Counsel numerous times for him to explain why she pled guilty to that Count, when in reality it does not apply.

Prior to the entry of Ms. Bisignano's guilty plea, she expressed a clear desire to have a

trial and actively litigate various issues, including the application of 18 U.S.C. § 1512(c)(2) § 2 to her case and the scope of the penalties she faced. However, on August 4, 2021, Bisignano executed a plea agreement with the United States and entered an unconditional guilty plea as to all Counts, with the exception of Count 3[1], including Count 1, violation of 18 U.S.C. § 1512(c)(2) and § 2. As a result, the Court vacated the trial date.

Ms. Bisignano now moves the Court to withdraw her guilty plea as to Count 1 of the Indictment, violating 18 U.S.C. § 1512(c)(2) and § 2, corruptly obstructing, influencing, or impeding an official proceeding.

## II. ARGUMENT

A defendant may withdraw a plea of guilty after the court accepts the plea, but before it imposes sentence if the defendant can show a fair and just reason for requesting the withdrawal. *See United States v. West*, 392 F.3d 450, 455 (D.C. Cir. 2004); *United States v. Barker*, 514 F.2d 208, 219 (D.C. Cir.1975); Fed. R. Crim. P. 11(d)(2)(B); Fed. R. Crim. P. 32(e). Withdrawal is to be liberally granted, but it is not a matter of right. *See United States v. Shah*, 263 F. Supp. 2d 10, 20 (D.D.C. 2003), *aff'd and remanded*, 453 F.3d 520 (D.C. Cir. 2006) (*citing United States v. Ford*, 993 F.2d 249, 251 (D.C. Cir.1993).

The Court of Appeals considers "three factors in reviewing denials of motions to withdraw: '(1) whether the defendant has asserted a viable claim of innocence; (2) whether the delay between the guilty plea and the motion to withdraw has substantially prejudiced the government's ability to prosecute the case; and (3) whether the guilty plea was somehow

---

[1]   18 U.S.C. 1361 and 2; GOVERNMENT PROPERTY OR CONTRACTS; Destruction of Government Property and Aiding and Abetting.

2

tainted.'" *West*, 392 F.3d at 455. The District Court has broad discretion is reviewing a motion to withdraw a guilty plea. *See, e.g., United States v. Hanson*, 339 F.3d 983 (D.C. Cir. 2003).

A change in the law subsequent to the entry of a guilty plea is not, in and of itself, a ground for its withdrawal, where the plea is knowingly entered on the advice of counsel. *See McMann v. Richardson*, 397 U.S. 759, 773-74, 25 L. Ed. 2d 763, 90 S. Ct. 1441 (1970); *Brady v. United States*, 397 U.S. 742, 757, 25 L. Ed. 2d 747, 90 S. Ct. 1463 (1970). However, in *McCarthy v. United States*, 394 U.S. 459, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969), a leading case on the subject of guilty pleas, the Supreme Court without dissent emphasized the requirement that a guilty plea may not be accepted unless a defendant has a complete understanding of the charge. The Court said that "because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts". 394 U.S. at 466, 89 S. Ct. at 1171; *see also, Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969).

**A.** **Ms. Bisignano Asserts a Viable Claim of Innocence**

A defendant cannot satisfy the claim of legal innocence factor by a mere general denial, "he must affirmatively advance an objectively reasonable argument that he is innocent." *United States v. Cray*, 47 F.3d 1203, 1209 (D.C. Cir. 1995). Here, Ms. Bisignano entered a guilty plea to the indictment charging her with Obstruction of an Official Proceeding and Aiding and Abetting, in violation of both 18 U.S.C. § 1512(c)(2) and § 2.

Bisignano, however, is not alleged to have taken such action. Instead, Count One of the Indictment alleges only that she "attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, and did aid and abet others known to do so, that is, a proceeding before

congress, by entering and remaining in the United States Capitol without authority and committing an act of civil disorder, and engaging in disorderly and disruptive conduct and destroying federal property." *Indictment* at pp. 1–3.  Nothing in Count One (or the Indictment more generally) alleges, let alone implies, that Bisignano took some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence Congress's certification of the electoral vote. *Id.*

With respect to this claim of innocence, the Defendant told the Government during her proffer sessions that she did not know that a Senate hearing was taking place. Also, during her plea hearing, she indicated her discomfort with the Statement of Offense, which was incorporated into the record, and therefore requested to speak with counsel. *Plea Hrg. Tr.*, 08/04/21, p. 22. She felt that her actions did not rise to the level of Obstructing an Official Proceeding and Aiding and Abetting, in violation of both 18 U.S.C. § 1512(c)(2) and § 2.

Additionally, during the Defendant's plea, missing from the AUSA's narrative are any facts to establish each essential element of Count One, specifically, that "Bisignano took some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence Congress's certification of the electoral vote." *Id.* at 17-21. At no time did Bisignano admit to anyone that she took "some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence Congress's certification of the electoral vote." *Id.*

Additionally, Bisignano's alleged conduct falls outside of 1512(c)(2) § 2. There is a serious ambiguity in both 18 U.S.C. § 1512(c)(2) and § 2. This Court has recently held that § 1512(c)(2) must be interpreted as limited by subsection (c)(1), and thus requires that a defendant

4

have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding. *See United States v. Miller*, Criminal Action No. 1:21-cr-00119 (CJN), USDC, Dist. of Colombia, Memorandum Opinion (03/07/22)[2].

Bisignano is not alleged to have taken such action. Instead, Count One of the Indictment alleges only that:

> On or about January 6, 2021, within the District of Colombia and elsewhere, GINA MICHELLE BISIGNANO, attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, and did aid and abet others known to do so, that is, a proceeding before congress, by entering and remaining in the United States Capitol without authority and committing an act of civil disorder, and engaging in disorderly and disruptive conduct and destroying federal property.

(**Obstruction of an Official Proceeding and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 1512(c)(2) and 2). *Indictment* at pp. 1-3. Nothing in Count One of the Indictment alleges, let alone implies, that Bisignano took some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence Congress's certification of the electoral vote. The same can be said for Bisignano's plea hearing. *Plea Hrg. Tr.,* 08/04/2021, pp. 8-21.

B. <u>**The Delay has not Substantially Prejudiced the Government**</u>

As the Court is aware, the overwhelming majority of the government's evidence against the Defendant consists of videos, testimony of government cooperators, and the testimony of law enforcement witnesses. Upon information and belief, all the cooperators are still detained in the United States and/or are still available or would be available to be called as witnesses for the Government.

---

[2] In *Miller*, the defendant was charged with violating both Obstruction of an Official Proceeding and Aiding and Abetting, in violation of both 18 U.S.C. § 1512(c)(2) and § 2.

5

With respect to the law enforcement witnesses, if they are not available for some legitimate reason, Ms. Bisignano would be amenable to stipulating as to their testimony. The defense also believes that the investigating agents in this case are still active and available to assist the prosecution. The Government cannot meet their burden to establish substantial prejudice[3].

**C.    The Guilty Plea was Tainted**

If a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void. Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.  *See McCarthy v. United States*, 394 U.S. 459, 466 (1969). Ms. Bisignano's guilty plea as to Count One of the Indictment was not knowing and/or voluntary and should be voided.

*The Plea was not Knowing*

Rule 11(b) of the Federal Rules of Criminal Procedure sets forth the procedure that the Court must follow in considering and accepting a guilty plea. The Rule states:

(b) Considering and Accepting a Guilty or Nolo Contendere Plea.

(1) Advising and Questioning the Defendant. Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following:

---

[3] Substantial prejudice may be present for a variety of reasons. *See United States v. Jerry*, 487 F.2d 600 (3d Cir. 1973)(physical evidence had been discarded); *United States v. Vasquez-Velasco*, 471 F.2d 294 (9th Cir. 1973); (death of chief government witness); *United States v. Lombardozzi*, 436 F.2d 878 (2d Cir. 1971)(other defendants with whom defendant had been joined for trial had already been tried in a lengthy trial); *Farnsworth v. Sanford*, 115 F.2d 375 (5th Cir. 1940)(prosecution had dismissed 52 witnesses who had come from all over the country and from overseas bases).

Fed. R. Crim. P. 32(d) advisory committee's note, 1983 amendment. Such is not the case here.

(A)     the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath;

(B)     the right to plead not guilty, or having already so pleaded, to persist in that plea;

(C)     the right to a jury trial;

(D)     the right to be represented by counsel—and if necessary, have the court appoint counsel—at trial and at every other stage of the proceeding;

(E)     the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

(F)     the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere;

(G)     the nature of each charge to which the defendant is pleading;

(H)     any maximum possible penalty, including imprisonment, fine, and term of supervised release;

(I)      any mandatory minimum penalty;

(J)      any applicable forfeiture;

(K)     the court's authority to order restitution;

(L)     the court's obligation to impose a special assessment;

(M)    in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. 3553(a);

(N)     the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence; and

(O)     that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

Fed. R. Crim. P. 11(b)(1).

During the plea colloquy held on August 4, 2021, the Court did not fully follow the procedures that the Rule states must be followed. For example, the Court failed to inform Ms. Bisignano of: (G) the nature of each charge to which the defendant is pleading; (I) any mandatory minimum penalty, if any; and (J) any applicable forfeiture, if any. *Plea Hrg. Tr.*, pp. 21-30; *see also* Fed. R. Crim. P. 11(b)(1). If the plea colloquy was not conducted in "substantial compliance" with Rule 11, the defendant should "almost always" be permitted to withdraw the plea. *United States v. Ford*, 993 F.2d 249, 251 (D.C. Cir. 1993)). Such is the case here as to Count One of the Indictment.

But for the Court's failure to follow the mandate of Rule 11, Ms. Bisignano would not have pled guilty to Count 1, 18 U.S.C. § 1512(c)(2) § 2, since she did not believe that her conduct rose to the level of Obstructing an Official Proceeding and Aiding and Abetting, in violation of both 18 U.S.C. § 1512(c)(2) and § 2. Without the Court conducting a proper Rule 11 inquiry, Ms. Bisignano did not have a full knowledge and understanding of her rights and any waiver of those rights prior to accepting guilt.

Secondly, a Defendant must possess "an understanding of the law in relation to the facts" before pleading guilty, as required under Rule 11. *United States v. Broce*, 488 U.S. 563, 570, 109 S. Ct. 757, 762, 102 L. Ed. 2d 927 (1989). By this Court's own recent admission, there is a serious ambiguity in both 18 U.S.C. § 1512(c)(2) and § 2. This Court has recently held that § 1512(c)(2) must be interpreted as limited by subsection (c)(1), and thus requires that the defendant have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding. *See United States v. Miller*, Criminal Action No. 1:21-cr-00119 (CJN), USDC, Dist. of Colombia, Memorandum Opinion

8

(03/07/22)[4]. Given that this ambiguity was not resolved until after Ms. Bisignano entered her plea on August 4, 2021, she could not have had "an understanding of the law in relation to the facts" before pleading guilty, as required under Rule 11. *See Broce, supra.*

### *The Plea was not Voluntary*

The Defendant told the Government during her proffer sessions that she did not know that a Senate hearing was taking place. Also, during her plea hearing, she indicated her discomfort with the Statement of Offense, which was incorporated into the record, and therefore requested to speak with counsel. *Plea Hrg. Tr.*, 08/04/21, p. 22. She felt that the Government bullied her to plead to both 18 U.S.C. § 1512(c)(2) and § 2[5]. Although Ms. Bisignano answered "no" when the Court inquired whether anyone had threatened or forced her to plead guilty, *Plea Hrg. Tr.* at 33, she believed that she under duress and had no choice in the matter.

WHEREFORE, for the foregoing reasons, and any others that may become apparent to the Court, Defendant respectfully request that this motion be GRANTED.

                                        Respectfully submitted,

                                        BYNUM & JENKINS

DATED: 05/18/2022         By:    /s/*Robert L. Jenkins, Jr.*
                                              ROBERT L. JENKINS, ESQUIRE
                                              U.S. District Court Bar No.: CO0003
                                              1010 Cameron Street
                                              Alexandria, VA 22314
                                              (703)309-0899
                                              RJenkins@BynumAndJenkinsLaw.com

---

[4] In *Miller*, the defendant was charged with violating both Obstruction of an Official Proceeding and Aiding and Abetting, in violation of both 18 U.S.C. § 1512(c)(2) and § 2.

[5] Their method of bullying was that her guidelines would go up with the plea, but then down again with her motion for downward departure due to her cooperation.

|  |  | LAW OFFICES OF A. CHARLES PERUTO, JR. |
|---|---|---|
| DATED: 05/18/2022 | By: | */s/A. Charles Peruto, Jr.*<br>A. CHARLES PERUTO, JR., ESQUIRE<br>*Pro Hac Vice*<br>Pa. Bar. No. 30634<br>2016 Spruce Street<br>Philadelphia, Pa 19103<br>(215)735-1010<br>chuck@peruto.com |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No. 1:21-cr-00036-CJN-1 |
| | : | |
| | : | |
| GINA M. BISIGNANO | : | |

## CERTIFICATE OF SERVICE

I hereby certify on the 18th day of May, 2022, a copy of same was electronically filed using the CM/ECF system and thus delivered to the parties of record and in pursuant to the rules of the Clerk of Court:

>Kimberly L. Paschall
>Assistant United States Attorney
>D.C. Bar No. 1015665
>555 4th Street, N.W.
>Room 4116
>Washington, D.C. 20530
>T: 202-252-2650
>Email: Kimberly.Paschall@usdoj.gov

DATED: 05/18/2022　　　　　　　　LAW OFFICES OF A. CHARLES PERUTO, JR.

　　　　　　　　　　　　　　By:　*/s/A. Charles Peruto, Jr.*
　　　　　　　　　　　　　　　　　A. CHARLES PERUTO, JR., ESQUIRE
　　　　　　　　　　　　　　　　　*Pro Hac Vice*
　　　　　　　　　　　　　　　　　Pa. Bar. No. 30634
　　　　　　　　　　　　　　　　　2016 Spruce Street
　　　　　　　　　　　　　　　　　Philadelphia, Pa 19103
　　　　　　　　　　　　　　　　　(215)735-1010
　　　　　　　　　　　　　　　　　chuck@peruto.com