UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No.: 21-cr-036 (CJN) |
| | : | |
| GINA BISIGNANO | : | |
| Defendant. | : | |
| | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO WITHDRAW GUILTY PLEA**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in opposition to defendant Gina Bisignano's motion to withdraw her guilty plea to Count One of the Indictment, Obstruction of an Official Proceeding in violation of 18 U.S.C. §§ 1512(c)(2), 2. ECF No. 51. Bisignano has no valid challenge to the plea colloquy nor has she offered any plausible claim of actual innocence. Following this Court's ruling in *United States v. Miller,* 21-cr-119 (CJN), 2022 WL 823070 (D.D.C. March 7, 2022), Bisignano now wishes to litigate an issue—the scope of Section 1512(c)(2)—that she expressly waived when she signed her plea agreement. For the reasons stated in this opposition motion, and on any hearing of the motion, Bisignano's motion should be denied.

**I.      RELEVANT PROCEDURAL HISTORY**

On January 29, 2021, Bisignano was charged by indictment with ten counts, including: 1) Count One, Obstruction of an Official Proceeding, Aiding and Abetting, in violation of 18 U.S.C. § 1512(c)(2) and 2; 2) Count Two, Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); 3) Count Three, Destruction of Government Property, Aiding and Abetting, in violation of 18 U.S.C. § 1361

1

and 2; 4) Count Four, Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); 5) Count Five, Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); 6) Count Six, Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4); and 7) Count Seven, Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D). Bisignano was released pending disposition of this matter. ECF No. 22.

The government and defense reached an agreement for Bisignano to plead guilty to Counts One, Two, Four, Five, Six and Seven of the indictment. ECF No. 39. Bisignano waived her right to trial by jury by signing the Court's waiver. ECF No. 37. Bisignano agreed to the statement of offense laying out the facts supporting the charges. ECF No. 38. As relevant here, Bisignano expressed waived under her plea agreement any challenge that her "admitted conduct does not fall within the scope of the statute(s)." ECF No. 39, at 9. On August 4, 2021, the Court held a sealed plea colloquy, during which this Court followed the Rule 11 procedures and Bisignano plead guilty. Docket Text August 4, 2021. The parties agreed to defer sentencing.

On December 6, 2021, the government moved to unseal the plea proceedings, ECF No. 48, and the Court granted that motion on December 21, 2021. Docket Text December 21, 2021. At the status conference on March 4, 2022, the government requested a sentencing date. The Court set that date for July 12, 2022. Docket Text March 4, 2022. On May 20, 2022, nine and one-half months after pleading guilty, Bisignano filed the instant motion to withdraw her guilty plea. As explained herein, her claims in support of that motion are meritless, and this Court should deny the motion.

2

## II. RELEVANT LEGAL STANDARDS

"After the defendant has sworn in open court that he actually committed the crimes, after he has stated that he is pleading guilty because he is guilty, after the court has found a factual basis for the plea, and after the court has explicitly announced that it accepts the plea," he should not be allowed "to withdraw her guilty plea simply on a lark." *United States v. Hyde*, 520 U.S. 670, 676 (1997); *see also United States v. Robinson*, 587 F.3d 1122, 1133 (D.C. Cir. 2009). Thus, a defendant does not have an absolute right to withdraw a guilty plea. See *United States v. Holland*, 117 F.3d 589, 593 (D.C. Cir. 1997). If withdrawal were automatic in every case where the defendant merely wishes "to alter her tactics and present her theory of the case to the jury, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim." *United States v. Barker*, 514 F.2d 208, 221 (D.C. Cir. 1975). A guilty plea is no such trifle, however, but "a grave and solemn act" which is "accepted only with care and discernment." *United States v. Basu,* 531 F. Supp. 2d 48, 54 (D.D.C 2008), quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)); *see also Barker*, 514 F.2d at 221.

Federal Rule of Criminal Procedure 11(d)(2)(B) permits a defendant to withdraw her guilty plea before a sentence is imposed if she shows a "fair and just reason" for requesting the withdrawal. Fed. R. Crim. P. 11(d)(2)(B); *Hyde*, 520 U.S. at 671; *United States v. Jones*, 472 F.3d 905, 907 (D.C. Cir. 2007). "Although presentence withdrawal motions should be 'liberally granted,' they are 'not granted as a matter of right.'" *United States v. Ahn,* 231 F.3d 26, 30 (D.C. Cir. 2000) (quoting *United States v. Ford*, 993 F.2d 249, 251 (D.C. Cir. 1993); *United States v. Loughery*, 908 F.2d 1014, 1017 (D.C. Cir. 1990). The decision to grant a withdrawal is within the

3

court's discretion. *See United States v. Tolson*, 372 F.Supp.2d 1, 8 (D.D.C. 2005), *aff'd*, 264 Fed. App'x 2 (D.C. Cir. 2008).

Typically, courts look at several factors in deciding whether to grant a motion to withdraw a plea, including: (1) whether the guilty plea was somehow tainted, (2) whether the defendant has asserted a viable claim of innocence, and (3) whether the delay between the guilty plea and the motion to withdraw has substantially prejudiced the government's ability to prosecute the case. *See United States v. Robinson*, 587 F.3d 1122, 1127 (D.C. Cir. 2009); *United States v. West*, 392 F.3d 450, 455 (D.C. Cir. 2004). The taint factor is the "most important." *Robinson*, 587 F.3d at 1127 (D.C. Cir. 2009) (citing *United States v. Ford*, 993 F.2d 249, 251 (D.C. Cir. 1993)). The "highly questionable circumstances" that could lead to taint, as outlined in *Barker*, 514 F.2d at 221, include situations where a defendant misunderstood the crimes charged, or did not have effective assistance of counsel at the time of the plea, or evinced strong evidence of mental illness at the time of the plea, or entered a plea hastily at arraignment without the benefit of counsel. *Id.*

Whether the movant has asserted her legal innocence is also an important factor. *Barker*, 514 F.2d at 220. But the defendant "must do more than make a general denial in order to put the Government to its proof; he must affirmatively advance an objectively reasonable argument that he is innocent." *United States v. Cray*, 47 F.3d 1203, 1209 (D.C. Cir. 1995)

## III. ARGUMENT

### A. There Is No Taint, Coercion, or Defect with the Plea.

Bisignano claims that her guilty plea to Count One was tainted because, during the plea colloquy, "the Court did not fully follow the procedures that the Rule states must be followed." ECF No. 51, at 7-8.[1] But such a defect is not present in this case. Bisignano claims that the Court failed to inform her of the: "the nature of each charge to which the defendant is pleading; any mandatory minimum penalty, if any; and any applicable forfeiture, if any." ECF No. 51, at 8 (cleaned up). But Obstruction of an Official Proceeding does not carry any mandatory minimum penalty (*see* 18 U.S.C. § 1512(c)(2)) and no forfeiture was alleged in the indictment. ECF No. 10. The Court had no obligation to inform Bisignano about non-existent mandatory minimum penalties or applicable forfeiture.

As to her other Rule 11 complaint, "[e]ffective notice of the nature of the charge means notice sufficient to give the defendant an understanding of the law in relation to the facts' of [her] case, so [s]he can assess the Government's ability to prove [her] conduct falls within the charge." *United States v. Leyva*, 916 F.3d 14, 23 (D.C. Cir. 2019) (citations omitted). Here, the Court sufficiently advised Bisignano of each charge and asked if she had the opportunity to consult with her lawyer about those charges. Plea Hearing Tr. 14:2 – 15:6. Then, the government read into the record the factual basis for the plea, as well as how those facts specifically met the elements of the 18 U.S.C. § 1512(c)(2) count. (Tr. 19:24- 21:1). Notably, the government identified the proceeding

---

[1] It is curious that Bisignano claims defect with the plea colloquy and coercion, yet only moves to withdraw one count of the guilty plea. The reason for doing so is obvious when considered in light of this Court's ruling in *United States v. Miller*, 21-cr-119 (CJN), 2022 WL 823070 (D.D.C. March 7, 2022. There is no defect, only regret over a missed opportunity to litigate an issue before this Court.

before Congress that Bisignano obstructed (Tr. 20: 1-3), and explained Bisignano's belief about how her actions could influence, effect, stop or delay the certification of the election results (Tr. 20: 4-11), her intent to stop and delay the Congressional proceeding (Tr. 20: 12-15), how she and others accomplished this obstruction (Tr. 20: 16-18), and that any mistaken beliefs by Bisignano at the time of her actions were not legal justification for her actions (Tr. 20:18-25). Bisignano also signed a copy of the same statement of facts. *See*, ECF No. 38, at 5-6. After the statement of offense was read, Bisignano asked for time to discuss it with her attorney, and the Court took a recess for her to do so. (Tr. 21:24 – 23:18). The Court then confirmed with Bisignano that she had no changes or corrections to the statement of offense, and she had in fact done what the government said it would prove had the case gone to trial. (Tr. 23:19-24:3). How this penetrating explanation of the nature of the charges did not meet Rule 11(G)'s requirements is a mystery that Bisignano declines to solve.

      Bisignano also claims that her plea is tainted because she was "bullied" into pleading guilty when she was allegedly told that "her guidelines would go up with the plea, but then down again with her motion for downward departure due to her cooperation." ECF No. 51 at n. 5. But the plea colloquy reveals the opposite. The Court asked Bisignano if "anyone forced, threatened, or coerced [her] in any way to accept the plea today?" to which Bisignano replied, "no." (Tr. 33: 16-18). The Court also asked if "anyone promised or suggested to you that if you plead guilty, you are guaranteed a lighter sentence?" to which the defendant responded, "no, Your Honor." (Tr. 33: 19-22).[2] Bisignano provides no facts in support of her bare allegation that she was coerced,

---

[2] Bisignano made similar representations later the same day, which the government intends to file under separate cover.

and what she in fact said while under oath establishes that no such coercion took place. There is no defect in the proceeding or taint related to the plea, and the defendant's claim lacks merit.

### B. Bisignano Does Not Plausibly Allege Actual Innocence to Rebut the Charge to Which She Plead Guilty.

Bisignano has not alleged any newly discovered evidence or a plausible claim of actual innocence to justify withdrawal of her guilty plea. Rather, she seeks to argue through this motion that the facts to which she plead guilty do not establish her guilt under this Court's ruling in *United States v. Miller,* 21-cr-119 (CJN), 2022 WL 823070.

This argument must fail because of the explicit statement of facts to which the defendant agreed in this case, which this Court accepted at the plea colloquy, that make out the elements of the charged offense. Bisignano agreed, both by signing the statement of facts and agreeing orally to the proffer at the plea hearing, that she was accountable for obstructing the proceeding, and the facts as the government alleged them supported that charge. *See* ECF No. 38; (Tr. 19:24- 21:1). The Court accepted that the facts as laid out in the Statement of Offense met the elements of the charged offenses. (Tr. 26: 17-20) ("[T]here is an adequate factual basis containing each of the essential elements of the offenses. Therefore, I accept the plea, and Ms. Bisignano is now adjudged guilty of those offenses."). Bisignano cannot now claim that she was unaware that she was pleading guilty to a count of obstruction. Bisignano's desire to speak to her attorney during the colloquy does not tend to show—let alone establish—that she is innocent of the charge. If anything, the break to discuss the statement of offense with her attorney, and then her return to the proceedings thereafter, strengthens the argument that she knowingly and voluntarily entered her guilty plea.

Bisignano also argues that she was just part of the crowd of rioters on January 6, smoked marijuana and drank alcohol, and therefore could not have known she was obstructing the hearing.

7

ECF No. 51, at 1. Her agreement under oath to the facts alleged in the Statement of Offense indicates otherwise. (Tr. 23:19-24:3). Additionally, any defense that Bisignano lacked the requisite intent was known to her at the time she swore under oath that she intended to disrupt the proceedings.

### C. Bisignano Cannot Now Challenge the Charge to Which She Plead.

Bisignano spends much of her motion arguing that the facts to which she plead guilty do not establish her guilty under this Court's ruling in *Miller*. By pleading guilty, she waived any right to claim that "the statute(s) to which [she] is pleading guilty is unconstitutional" and "the admitted conduct does not fall within the scope of the statute(s)." ECF No. 39, at 9; *see also* Tr. 11: 19-22 ("You are generally waiving the right to appeal your conviction. That means, for example, that you couldn't say that the conduct that you admitted to didn't satisfy the statutory elements of the crime.")

That aside, a "guilty plea does not automatically become tainted if a change in the law alters a variable that the defendant considered when he decided to plead guilty." *United States v. Robinson,* 587 F.3d 1122, 1129 (D.C. Cir. 2009) (post-guilty plea reduction in Guidelines range for crack cocaine offenses); *United States v. Sahlin*, 399 F.3d 27, 31 (1st Cir. 2005) ("[T]he possibility of a favorable change in the law occurring after a plea is one of the normal risks that accompany a guilty plea"). *See generally Brady v. United States*, 397 U.S. 742, 756-57 (1970) ("A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended ... the likely penalties attached to alternative courses of action"). Bisignano seeks to evade these principles by claiming actual innocence under this Court's interpretation of Section 1512(c)(2) as enunciated in *Miller*. ECF No. 51, at 3. But her

8

decision to forego any legal challenge and instead plead guilty does not become infirm simply because she may regret the decision following a post-plea change in the law. This Court should reject Bisignano's attempt to revive an argument she waived by dressing it up as an actual innocence claim.

### D. The Length of Time Since the Plea Proves that the Allegations in the Motion to Withdraw Stem from Other Concerns.

Over nine months have passed since Bisignano entered her guilty plea in August 2021. The timing of the motion to withdraw should give this Court pause. Generally, a court "looks askance at assertions of innocence that come long after a guilty plea has been entered, absent some tenable explanation for the delay." *United States v. Ford,* 993 F.2d 249, 254 (D.C. Cir. 1993)(citing *United States v. McKoy*, 645 F.2d 1037, 1038 (D.C. Cir. 1981) and *Barker*, 514 F.2d at 221). The allegations of taint and coercion, if true, should have been raised immediately, not nine months after the plea colloquy. The issue raised with respect to the viability of the Obstruction count only appear after this Court's ruling in *United States v. Miller*. But most noteworthy, this motion was only filed as the defendant's sentencing date approached, because the government refused to confirm what sentence the government would recommend at sentencing.[3]

### CONCLUSION

Accordingly, for the foregoing reasons, the government respectfully requests that the Court deny the defendant's motion to withdraw the guilty plea.

---

[3] As Bisignano's letter to the government suggests, *see* Exhibit 1, Letter to Counsel, her principal purpose in seeking to withdraw her guilty plea appears to be a desire to avoid serving a term of imprisonment and uncertainty over whether the government will recommend a downward departure under U.S.S.G. § 5K1.1. But those are not legitimate reasons to permit a defendant to withdraw from a guilty plea.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

BY:    /s/
KIMBERLY L. PASCHALL
Assistant United States Attorney
Capitol Siege Section
D.C. Bar No. 1015665
601 D Street, N.W.,
Washington, D.C. 20530
202-252-2650
Kimberly.Paschall@usdoj.gov