# A. Charles Peruto, Jr.
**Attorneys at Law**

A. Charles Peruto, Jr.*
Anthony F. List, Jr.**

*Member P.A., N.J., N.Y. Bar
** Member of P.A. Bar Only

**2016 Spruce Street
Philadelphia, PA 19103
215-735-1010
215-545-6138 fax**

**Please forward correspondence to:

✓  Philadelphia, PA

E-mail: chuck@peruto.com
Website:  www.peruto.com

March 9, 2022

Kim Paschall, AUSA
*Via Email*

    **RE:**   USA v. Bisignano
    **NO.:**  21 CR 36

Dear Ms. Paschall:

    I write to you for the sole reason that this matter is now scheduled for sentencing, and as a defense attorney, that raises certain questions.

    First of all, my client agreed to cooperate from minute one, when I reached out to you after being retained. After that time, she was on "the ride" being bounced around from county jail to county jail, making her way from California.

    As soon as she was released, we made an appointment to be debriefed and did so. She traveled to Washington at her own expense, with limited funds, and was never reimbursed.

    She spilled her guts truthfully, in an effort to gain a motion for downward departure.

    She has worn her house arrest monitor for several months and has reported to me to the point where it almost drives me crazy. She has turned down so many interviews, stayed off social media, and refused invitations to do everything under the sun, that would garner further attention to her case.

    As we both know, she had a great deal of difficulty pleading guilty to **18 U.S.C. § 1512(c)(2).**

    The reason for her quandary is that my client, who has some mental challenges, said she did not know an official proceeding was taking place at the Capitol, and she was just "following the crowd". You and I talked, and I was convinced that it was in Ms. Bisignano's best interest to plead guilty to the charge because of the wording of the statute "knew or should have known". Part of my reason for advising her to take this plea was that she was on her way to earn a motion for downward departure.

**Page two**

---

Therefore, this begs the question. Is my client going to receive such a motion?

I ask this for two reasons. Firstly, because it would only make sense to ask in preparing for this sentencing, especially in light of everything the Defendant did in both LA and Washington to cooperate.

Secondly, I ask because of Judge Nichols' recent opinion in *USA v. Garret Miller*.

The reason I am writing before filing anything because I am trying to be reasonable, and I don't want to jump on the bandwagon of the many motions that I would assume would be filed with Judge Nichols. My attitude is, and has always been in this case, to work through you before doing anything.

Therefore, you can see the quandary I'm in, especially in light of this opinion.

Therefore, give me a call upon reading this, at your earliest convenience, to see where we are going with this matter.

Very truly yours,

*/s/ A. Charles Peruto, Jr.*

A. Charles Peruto, Jr.

**cc:   Gina Bisignano**

**ACP/ajd**