**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| v. | : CASE NO. 21-CR-036 (CJN) |
| | : |
| **GINA BISIGNANO,** | : |
| | : |
| **Defendant.** | : |

**GOVERNMENT'S RESPONSE TO THE COURT'S**
**MINUTE ORDER FROM MARCH 7, 2023**

The United States of America hereby responds to this Court's Minute Order from March 7, 2023, ordering the government to respond to the Pretrial Violation Report from March 6, 2023. ECF No. 58.

The government subpoenaed the defendant for her testimony in another case happening in this District from February 25, 2023 to March 2, 2023. The government gave no authorization for the defendant to visit any locations discussed in the Pretrial Violation Report. The government is disturbed by the report—the contents of which caused the government to make a disclosure to defense counsel in that matter for which she was brought to this District to testify in the middle of that trial. Her release conditions are clear: Section 7(g) of her Conditions of Release states she is to "avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution" and to "only speak about [the] pending case with attorney, government, and people that are directly associated with your case." ECF No. 21. The order further states in Section 7(s) "No communications with anyone who was at the event on January 6, 2021." Attending the J6 Block Party at the D.C. Jail and making public statements to those present about her testimony in a pending case clearly violated these conditions.

This is also not the first time this defendant has violated her release conditions. *See*, ECF No. 37 and 40. The government is also aware of an active Twitter account operated by the defendant in

violation of Section 7(s), which clearly states "no access to social media."

The government understands and supports the recommendation of Pretrial Services, but ultimately defers to the Court on decision for program removal, given the unique posture of the case with the pending motion to withdraw the guilty plea for Count One. The government would request an in-person hearing to address the violations at the soonest possible opportunity available to the Court and the parties.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

\_\_/s/_____
KIMBERLY L. PASCHALL
Assistant United States Attorney
D.C. Bar 1015665
U.S. Attorney's Office
601 D Street NW
Washington, D.C. 20530
202-252-2650
Kimberly.Paschall@usdoj.gov