UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No.: 21-cr-036 (CJN) |
| | : | |
| GINA BISIGNANO, | : | |
|               Defendant. | : | |
| | : | |

**GOVERNMENT'S SUPPLEMENTAL OPPOSITION TO DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this supplemental memorandum in opposition to defendant Bisignano's motion to withdraw her guilty plea to Count One of the Indictment, Obstruction of an Official Proceeding in violation of 18 U.S.C. §§ 1512(c)(2), 2. ECF No. 51. Following the D.C. Circuit's decision in *United States v. Fischer*, No. 22-3038, 64 F.4th 329, 2023 WL 2817988 (D.C. Cir. Apr. 7, 2023), Bisignano has no plausible claim of actual innocence. For the reasons stated in the government's opposition motion (ECF No. 52), the hearing on the motion, and this supplement, Bisignano's motion should be denied.

    I.      RELEVANT PROCEDURAL HISTORY

The government recited the procedural history of the case through May 20, 2022, in the original memorandum in opposition to the motion to withdraw. *See* ECF No. 52, at 1-2. On July 12, 2022, this Court held a hearing on the motion to withdraw. After argument from the parties, the Court stated the following:

> It seems to me that the only really significant argument that Ms. Bisignano has presented is that she is, essentially, innocent of the 1512 charge, especially in light

1

> of my view of what 1512 does and doesn't cover. There's nothing in the Indictment, Statement of Facts, and the like, from what I have looked at, would suggest that her conduct would satisfy my view of 1512. So if I were to grant her motion to withdraw her guilty plea on that count, it would be for that reason. It would be primarily because she has a, in my view, quite legitimate claim of innocence on that count in light of my interpretation of 1512.

*See* 07/12/2022 Hearing Tr. 13:9-21. At that time, the Court held the motion in abeyance, given the pending D.C. Circuit's ruling in the government's appeal in *United States v. Garret Miller*, 21-cr-119 (CJN), and related cases, on this Court's interpretation of 18 U.S.C. § 1512(c)(2). *See* 7/12/2022 Hearing Tr. 14:16- 15:15; Minute Entry July 12, 2022.

On April 7, 2023, the D.C. Circuit issued its opinion in *United States v. Fischer*, 22- No. 22-3038, 64 F.4th 329, 2023 WL 2817988 (D.C. Cir. Apr. 7, 2023), reversing the dismissals of the Section 1512(c)(2) charges at issue in three consolidated appeals. The government filed a motion in this case on April 21, 2023, to resolve the outstanding motion to withdraw. ECF No. 60. The Court has scheduled the motion hearing for May 4, 2023, and requested additional briefing from the parties on the motion. *See* Minute Order May 1, 2023.

**II.    ARGUMENT**

    **A. The holding in *Fischer* confirms that 18 U.S.C. § 1512(c)(2) applies to the defendant's conduct on January 6.**

In *United States v. Fischer*, No. 22-3038, 64 F.4th 329, 2023 WL 2817988 (D.C. Cir. Apr. 7, 2023), the D.C. Circuit reversed this Court's pretrial ruling that 18 U.S.C § 1512(c)(2) requires a nexus to "a document, record, or object in order to corruptly obstruct, impede or influence an official proceeding." *United States v. Miller*, 589 F. Supp. 3d 60, 78 (D.D.C. 2022). In the portions of the lead opinion (Pan, J.) joined in full by the concurring judge (Walker, J.), *Fischer* relied on Section 1512(c)(2)'s plain language and structure, as well as case law interpreting the statute, *see*

2

*id.* at *4-*6, to conclude that Section 1512(c)(2) "encompasses all forms of obstructive conduct, including . . . efforts to stop Congress from certifying the results of the 2020 presidential election." *Id.* at *3. The Circuit court concluded that, "[u]nder the most natural reading of the statute, § 1512(c)(2) applies to all forms of corrupt obstruction of an official proceeding, other than the conduct that is already covered by § 1512(c)(1)." *Id.* at *4. The Circuit court agreed "that the words 'corruptly . . . obstructs, influences, and impedes any official proceeding' in 18 U.S.C. § 1512(c)(2) have a broad meaning that encompasses all forms of obstructive conduct, including . . . allegedly violent efforts to stop Congress from certifying the results of the 2020 presidential election." *Id.* at 335. The D.C. Circuit's opinion in *Fischer* thus confirms that the defendant's conduct on January 6 violated Section 1512(c)(2).

### B. The holding in *Fischer* leaves no claim of actual innocence available to this defendant.

This Court's preliminary inclination to grant defendant Bisignano's motion to withdraw her guilty plea to Count One, the violation of Section 1512(c)(2), was "entirely dependent on [its] view of [Section] 1512." 07/12/2022 Hearing Tr. 15:23-16:4. The D.C. Circuit has now reversed this Court's interpretation of Section 1512(c)(2), "conclud[ing] that the district court erred in dismissing the counts charging each [defendant] with Obstruction of an Official Proceeding under 18 U.S.C. § 1512(c)(2)." *Fischer*, 2023 WL 2817988, at *16.

*Fischer* confirmed that Bisignano is not actually innocent of violating Section 1512(c)(2). The D.C. Circuit held that "the meaning of the statute is unambiguous. . . . Under the most natural reading of the statute, § 1512(c)(2) applies *to all forms of corrupt obstruction of an official proceeding*, other than the conduct that is already covered by § 1512(c)(1)." *Id.* at *4 (emphasis added). The court concluded that "[this] broad interpretation of the statute — encompassing all

3

forms of obstructive acts — is unambiguous and natural, as confirmed by the 'ordinary, contemporary, common meaning' of the provision's text and structure." *Id.* at *5 (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979)). It is impossible to read the D.C. Circuit's repeated references to Section 1512(c)(2)'s prohibition on "all forms" of obstructive acts as somehow limiting the statute's scope and carving out the acts committed this defendant.

The record is quite clear that the defendant had the intent to disrupt, and her actions did in fact obstruct, the Electoral College proceeding happening in Congress on January 6, 2021. The statement of offense, which she signed, discusses her posts on Facebook before arriving in the District, noting that she was "going to Washington DC to take out [sic] country back The insurection [sic] act begins! Praise Jesus!" and "patriots in Washington DC #StopTheSteal." ECF No. 38, at 3. A video taken by the defendant at the "Stop the Steal" rally at the Ellipse on the morning of January 6, 2021, shows the defendant responding to former president Donald Trump saying, "I hope Mike Pence is going to do the right thing," by stating, "I hope so, he's a deep state." *Id.* Another video taken by the defendant depicts her jumping over a wall on the outer perimeter of the Capitol grounds and stating "okay, we are storming the Capitol. And I'm going up in there, I'm going to break into Congress." *Id.*, at 4. The defendant then ran up the scaffolding and to the Lower West Terrace tunnel, where the defendant joined a group of rioters who attempted to force their way past police officers and into the Capitol building. *Id.* For approximately 40 minutes, the defendant perched on a ledge inside the Lower West Terrace tunnel, waved other rioters into the tunnel, and assisted in the effort to break into the building, all while filming her criminal acts. *Id.* The defendant was subsequently cleared from the tunnel and moved out into the crowd on the inaugural stage, where she encouraged members of the crowd to break a window in

order to enter the building. *Id.*, at 5. The defendant assisted two rioters on to the ledge who slammed various objects into that window, ultimately breaking it and allowing rioters inside. *Id.* The defendant herself entered, and encouraged others to do so, shouting on her bullhorn "they will not steal our votes" and "we need strong angry patriots to help our boys." *Id.* During this time, the Joint Session of Congress was halted while Capitol Police and other law-enforcement officers worked to restore order and clear the Capitol of unlawful occupants. *Id.*, at 2.

Such behavior clearly falls within the conduct contemplated by the Circuit in *Fischer*. Therefore, the defendant has no available claim of actual innocence, and should not be permitted to withdraw her plea on Count One.

## **CONCLUSION**

Accordingly, for the foregoing reasons, the government respectfully requests that the Court deny the defendant's motion to withdraw the guilty plea.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

BY:  /s/
KIMBERLY L. PASCHALL
Assistant United States Attorney
National Security Section
D.C. Bar No. 1015665
601 D Street, N.W.,
Washington, D.C. 20530
202-252-2650
Kimberly.Paschall@usdoj.gov