UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No.: 21-cr-036 (CJN) |
| | : | |
| GINA BISIGNANO | : | |
| Defendant. | : | |
| | : | |

### DEFENDANT GINA BISIGNANO'S MOTION TO CONTINUE AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

Defendant Gina M. Bisignano, by and through her undersigned counsel of record, hereby moves this Honorable Court for an order vacating her trial date of April 8, 2024, and setting a new trial date of October 7, 2024, or a date soon thereafter, and to further exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.SC. § 3161 et seq., on the basis that the ends of justice served by taking such actions outweigh the best interest of the public in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A); (B)(i), (ii), and (iv).  The government opposes Ms. Bisignano's request for a continuance. In support of its motion, the defense states as follows:

On January 29, 2021, Ms. Bisignano was charged, via indictment, with 7-counts of criminal wrongdoing associated with the events of January 6, 2021 at the United States Capitol. On August 4, 2021, the government filed a plea agreement in this matter whereby Ms. Bisignano pled guilty to a series of counts including Count 1 charging a violation of 18 U.S.C. section 1512.

In March, 2022, in separate prosecutions, this Court granted defendant Miller's and Fischer's motions to dismiss pending section 1512 charges finding that their alleged actions on

1

January 6, 2021 did not fall within the scope of section 1512. *United States v. Miller*, 21-CR-119, Dkt. 72; *United States v. Fischer*, 21-CR-234, Dkt. 64. The Court subsequently granted a similar motion in *United States v. Lang*, 21-CR-53, 6/7/22 minute order.

On May 20, 2022, Ms. Bisignano, via prior counsel, moved to withdraw her guilty plea with respect to the section 1512 charge. Dkt. 51. The government opposed Ms. Bisignano's motion, dkt. 52, and this Court held a hearing on the matter on July 12, 2022. At that hearing, the government requested that if the Court were inclined to grant Ms. Bisignano's motion, the Court should "hold such a decision in abeyance while any further [*Miller/Fischer*] litigation … plays out at the circuit level." Dkt. 61 at 9:22-23. The Court clarified: "I should hold the motion and only take it up when there has been litigation in the Court of Appeals that has been completed on the *Miller* and other appeals that raise that same question." *Id*. at 10:10-13. And the government responded in the affirmative. *Id*. at 10:14. With the parties agreement, the Court then elected to hold the motion in abeyance and take up the issue after the Court of Appeals issued its decision in *Fischer*. *Id*. at 16:21-24. And the Court further held that it was in the interest of justice to exclude time under the Speedy Trial Act until such time as the Court of Appeals issued its decision in *Miller/Fischer*. *Id*. at 18:16-19.

On April 7, 2023, the Court of Appeals issued its decision in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023). On May 4, 2023, the Court granted Ms. Bisignano's motion to withdraw her guilty plea as to the section 1512 charge and subsequently granted the defense motion for new counsel and appointed the Office of the Federal Public Defender on July 5, 2023. Undersigned counsel entered his appearance on July 21, 2023. The parties filed a proposed scheduling order on August 25, 2023, contemplating the filing of pretrial motions on December

1, 2023 and a trial date of April 8, 2024. Dkt. 71. The Court signed the proposed order on September 28, 2023. Dkt. 72.

On December 13, 2023, the Supreme Court granted certiorari in *Fischer v. United States*, No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023). The question presented in *Fischer* is: "Did the D.C. Circuit err in construing 18 U.S.C. § 1512(c) ('Witness, Victim, or Informant Tampering'), which prohibits obstruction of congressional inquiries and investigations, to include acts unrelated to investigations and evidence?" *See* Petition for Certiorari, *Fischer v. United States*, No. 23-5572 (filed September 11, 2023). This question obviously directly impacts the viability of the government's case against Ms. Bisignano.

Undersigned counsel has been in contact with counsel for Fischer, and understands that the litigation schedule in *Fischer* is as follows:

- Fischer will file his opening brief on January 29, 2024;

- The Government will file its answering brief on February 29, 2024,

- Fischer will file his reply brief on March 14, 2024,

- Oral argument will be scheduled during the week of April 15, 2024 or April 22, 2024;

- The Court will issue its decision by the end of June 2024.

For the same reasons as this matter was continued pending the resolution of the government's appeal of this Court's orders in *Fischer*, *Miller*, and *Lang*, a continuance is similarly appropriate until the Supreme Corut issues its decision in *Fischer*. As the Court previously held, it was in the interests of justice to wait for the Court of Appeal's ruling in the *Fischer* matter, it is no less in the interest of justice to delay this trial further until the question of the applicability of section 1512 is finally resolved.

A continuance is also appropriate under 18 U.S.C. 3161(7)(B)(ii), which permits courts to consider whether a case is so unusual or so complex due to the existence of novel questions of fact or law that it is unreasonable to expect adequate preparation for pretrial proceedings within the time limits established. Here, the government's theory of liability under section 1512 has never been applied outside the context of the January 6 prosecutions. This Court has previously and repeatedly found section 1512 to be inapplicable to January 6 defendants. The D.C. Circuit ultimately reversed this Court, but in a fractured opinion in which one judge dissented and one just issued a concurrence. *See generally Fischer*, 64 F.4d 329. And the Supreme Court has granted certiorari, despite there being no circuit split on the matter, indicating that the Court believes this to be "an important question of federal law that has not been, but should be, settled by this Court[.]" Supreme Court Rule 10.

Further, a continuance is appropriate under 18 U.S.C. 3161(7)(B)(iv). Ms. Bisignano is presently represented by undersigned counsel Jonathan Aminoff and Craig Harbaugh. Mr. Harbaugh is retiring later this month and will no longer be available to represent Ms. Bisignano. As such, a second co-counsel will be assigned to this matter and that person will need time to review the discovery and learn this case. Additionally, undersigned counsel is presently scheduled to be representing other defendants in the following matters set for trial: *United States v. Fereidoun Khalilian*, 23-CR-222-RFB-NJK (D. Nev.), a single defendant two-count murder-for-hire and witness tampering trial scheduled for February 5, 2024, anticipated to last for four days; *United States v. Bobby Haywood*, 23-CR-477-MEMF, a single defendant four count drug distribution trial scheduled for February 6, 2024 (expected continuance to August 26, 2024) and expected to last two to three days; *United States v. Guillermo Guerrero*, 23-CR-270-SPG-6, an eight-defendant 24-count drug and weapons trial scheduled for March 5, 2024, and expected to

4

last four to five days; *United States v. Devon Nash*, 23-CR-412-DMG, a single defendant single-count felon in possession of a firearm and ammunition trial scheduled for March 5, 2024, and expected to last 3 days; *United States v. Dakota Griffin*, 23-CR-132-AB, a single defendant two-count obscenity trial scheduled for March 12, 2024 and expected to last two to three days; *United States v. Joel Lopez*, 23-CR-424-JLS, a single defendant two count passport fraud and aggravated identity theft trial scheduled for March 26, 2024, and expected to last two to three days; *United States v. Diana Gross*, 23-CR-183-MWF, a single defendant four count wire and bank fraud trial scheduled for April 16, 2024 and expected to last four to five days; *United States v. Simrandeep Singh*, 23-CR-161-SPG, a single defendant four count drug distribution trial scheduled for April 23, 2024 and expected to last three to four days; and *United States v. Robert Anthony Lopez*, 23-CR-473-JAK, a single defendant four count drug possession and weapons trial scheduled for May 21, 2024 and expected to last three to four days.  Accordingly, counsel represents that he will not have the time that he believes necessary to prepare to try this case on the current trial date.

In light of the foregoing, undersigned counsel also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research after the Supreme Court issues its decision in *Fischer*, review the extensive discovery and potential evidence in the case, and prepare for trial.  Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Accordingly, for purposes of computing the date under the Speedy Trial Act by which trial must commence, Ms. Bisignano requests that the time period of April 8, 2024 to October 7,

2024, inclusive, be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at Ms. Bisignano's request on the basis of the Court's finding that: (1) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (2) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (3) failure to grant a continuance would impose an unreasonable time limit for pretrial proceedings and trial preparation given the novel issues posed by this case; and, (4) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

                          Respectfully submitted,

                          CUAUHTEMOC ORTEGA
                          Federal Public Defender

DATED: January 11, 2024        By  */s/ Jonathan C. Aminoff*

                          JONATHAN C. AMINOFF (Bar No. 259290)
                          (E Mail: Jonathan_Aminoff@fd.org)
                          Deputy Federal Public Defenders
                          Office of the Federal Public Defender, C.D. Cal
                          321 East Second Street
                          Los Angeles, California, 90012
                          Telephone: (213) 894-2854
                          Facsimile: (213) 894-0081

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No.: 21-cr-036 (CJN) |
| | : | |
| GINA BISIGNANO | : | |
| Defendant. | : | |
| | : | |

## CERTIFICATE OF SERVICE

I hereby certify on the 11th day of January 2024, a copy of same was electronically filed using the CM/ECF system, and thus delivered to the parties of record, and pursuant to the rules of the Clerk of Court:

> Kimberly L. Paschall
> Assistant United States Attorney
> D.C. Bar No. 1015665
> 555 4th Street, N.W.
> Room 4116
> Washington, D.C. 20530
> Phone: (202) 252-2650
> Email: Kimberly.Paschall@usdoj.gov

DATED: January 11, 2024       By  */s/ Jonathan C. Aminoff*

JONATHAN C. AMINOFF (Bar No. 259290)
(E Mail: Jonathan_Aminoff@fd.org)
Deputy Federal Public Defenders
Office of the Federal Public Defender, C.D. Cal
321 East Second Street
Los Angeles, California, 90012
Telephone: (213) 894-2854
Facsimile: (213) 894-0081