UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | :  No.: 21-cr-036 (CJN) |
| | : |
| GINA BISIGNANO | : |
|                 Defendant. | : |
| | : |

**DEFENDANT GINA BISIGNANO'S OPPOSITION TO THE GOVERNMENT'S
MOTION TO REVOKE RELEASE ORDER**

Defendant Gina M. Bisignano, by and through her undersigned counsel of record, hereby opposes the government's January 28, 2024 Motion to revoke Release Order (hereafter "Motion"). Dkt. 80. Ms. Bisignano has not violated the conditions of her release order and respectfully requests that the Court deny the Motion. Ms. Bisignano further requests that the Court reduce her current level of supervision from home confinement to a curfew requirement, remove the location monitoring condition, and remove the prohibition on social media usage.

### BACKGROUND

On March 14, 2023, in an effort to have Ms. Bisignano detained, the government informed the Court that Ms. Bisignano allegedly had an active Twitter account. Dkt. 59 at 1-2. On May 4, 2023, this Court held a hearing on the previously issued pretrial violation report and modified Ms. Bisignano's release conditions, *inter alia*, ordering that Ms. Bisignano "is prohibited from accessing social media for any purpose."

On January 3, 2024, Ms. Bisignano's mother unexpectedly passed away. On January 4, 2024, undersigned counsel moved the Court to modify Ms. Bisignano's conditions of release to allow her to travel to Tennessee for her mother's funeral. Dkt. 74. At that time, undersigned

1

counsel conferred with Ms. Bisignano's pretrial services officers in the Central District of California, who indicated that they did not oppose the request. Further, the officers indicated that Ms. Bisignano was in compliance with her conditions of release and had been performing well under supervision.

After her return from Tennessee, sometime during the week of January 15, 2024, Ms. Bisignano was contacted by her friend S.F.[1] Ex. 1, Declaration of S.F. S.F. contacted Ms. Bisignano socially, and learned from Ms. Bisignano about her mother's death and some financial issues that Ms. Bisignano was incurring related to her mother's death. S.F. suggested that Ms. Bisignano seek financial assistance from American Patriot Relief ("APR"), with whom S.F. volunteers her time. APR is a non-profit organization that raises money to support people and families of those persecuted for their religious or political beliefs, and particularly focuses on those prosecuted for their roles in the January 6 demonstrations. Additionally, S.F. informed Ms. Bisignano that she had a good friend who lived in Tennessee in close proximity to where Ms. Bisignano's mother's home is located, and S.F. wondered whether her friend might be of assistance in getting Ms. Bisignano's mother's house rented.

On January 20, 2024, Ms. Bisignano called S.F. to discuss applying for financial assistance from APR and also the possibility that S.F.'s friend could be of assistance in renting the Tennessee house. S.F. answered the call and informed Ms. Bisignano that she was currently hosting a "fundraiser." Ms. Bisignano understood S.F. to mean that she was engaged in an activity for APR and that Ms. Bisignano would have the opportunity to address the APR board,

---

[1] Counsel is redacting this witness's name and will request that the Court seal the February 8, 2024 hearing at which this witness will testify. Since the government filed the January 28, 2024 motion, Ms. Bisignano has received a series of threats over the telephone from anonymous callers. Witness S.F. similarly fears public retribution for having any involvement with this matter. Therefore, for her safety, counsel respectfully requests that S.F.'s identity be kept confidential.

2

and as such Ms. Bisignano asked to speak to the larger group.  At no time did S.F. inform Ms. Bisignano that she was hosting a "twitter space" and Ms. Bisignano was not aware that she was speaking on a "twitter space."

On Monday, January 22, 2024, Ms. Bisignano, still thinking she had addressed the APR board, sent APR an email thanking them for their time and any help they could provide.  On January 25, 2024, Ms. Bisignano received confirmation from APR that her request for funding was denied.

At all relevant times, Ms. Bisignano has identified as a devout Christian.  She attends religious services on Sundays, and has been a member of her church for approximately 15 years.  In addition to in-person church services, Ms. Bisignano regularly calls into the Prisoner's Record, which is a prayer group hosted by Pastor Hoang Quan.  Ex. 2, Declaration of Hoang Quan.  Prisoner's Record is a Christian group that welcomes anyone who wishes to participate, but has a particular focus on those persecuted by the government and, as such, is widely joined by people on all ends of the political spectrum.  This is not a political group, or a group that caters exclusively to January 6 defendants.  The group has a large following and Pastor Quan views this group as a virtual mega church.  Pastor Quan hosts the Prisoner's Record on Telegram, which is an instant messaging service that allows users to exchange messages and hold private and group voice and video calls.  On January 20, 2024, Ms. Bisignano called into the Prisoner's Record to join the nightly prayer call.  At some point, someone claiming to be a January 6 defendant apparently joined the call.  Ms. Bisignano has no control of who might join these prayer calls and no advance notice of who might be on the call.

///

**ARGUMENT**

It is the government's burden to establish by clear and convincing evidence, that Ms. Bisignano has violated her conditions of release. 18 U.S.C. § 3148(b)(1)(B). In its Motion (dkt. 80) and Supplement (dkt 81), the government argues that Ms. Bisignano has violated her terms of release in four ways: (1) Ms. Bisignano's use of Twitter; (2) Ms. Bisignano's participation in a "twitter space;" (3) Ms. Bisignano's participation in the Prisoner's Record; and (4) Ms. Bisignano's use of Tik Tok. The facts, however, establish that Ms. Bisignano has not violated this Court's orders.

1. <u>Ms. Bisignano has not violated her bond conditions.</u>

    a. <u>Ms. Bisignano has not intentionally accessed Twitter</u>

The government complains that Ms. Bisignano maintains an active Twitter account. Yet given the government's representations, "active" is a misnomer. Despite its lengthy detailing of Ms. Bisignano's alleged Twitter usage, the government does not provide a single post or "tweet" that Ms. Bisignano made since the Court issued its May 4, 2023 Order. Indeed, the only Twitter activity the government cites post-dating the May 4, 2023 Order is two "likes" allegedly from Ms. Bisignano. A Twitter user who reads a post made by another person can "like" that post. Thus the government is not accusing Ms. Bisignano of posting anything to Twitter, but simply liking two posts other people have made.

Ms. Bisignano has not intentionally used the Twitter application since May 4, 2023 and has no recollection of "liking" a post in the recent past. However, people regularly text Ms. Bisignano news articles, and it is possible that someone texted her an article and she clicked on it without realizing it was a Twitter post. She will continue to make her best effort to be careful accessing materials that are sent to her.

4

      b. <u>Ms. Bisignano did not intentionally take part in a "Twitter space"</u>

As detailed above, Ms. Bisignano did not intentionally take part in a "Twitter space." She believed she was communicating with APR's board members and was simply attempting to secure some financial assistance and locate a renter for her mother's house in Tennessee. If necessary, S.F. will testify consistent with her declaration that Ms. Bisignano had no way of knowing that S.F. was hosting a "Twitter space."

      c. <u>Ms. Bisignano's participation in the Prisoner's Record does not violate her conditions of release</u>

Ms. Bisignano's release conditions do not prevent her from attending religious services, or using the telephone, or sending text messages. Ms. Bisignano is accused of using the Telegram application, which is akin to using the telephone or sending text messages, to attend a religious service. Ms. Bisignano did not know in advance that other January 6 defendants would be taking part in the prayer call. If necessary, Pastor Quan will verify, consistent with his declaration, that the Prisoner's Record is not a "group focused on January 6" but rather a more general prayer group that has attracted some January 6 defendants.

      d. <u>Ms. Bisignano's alleged use of Tik Tok predates the Court's May 4, 2023 Order</u>

The government admits that Ms. Bisignano's alleged use of Tik Tok all predates this Court's May 4, 2023 Order. Dkt. 81 at 7 and 7 n.3. As such, what the government's motion reflects is that since May 4, 2023, Ms. Bisignano has conformed her conduct to comply with this Court's Orders.

///

2. <u>The Court should deny the government's motion.</u>

   a. <u>The government has failed to meet its burden under 18 U.S.C. § 3148</u>

It is the government's burden to establish that revocation of release is appropriate under 18 U.S.C. § 3148(b).  Here, the government is not alleging that Ms. Bisignano has committed a new federal, state, or local crime while on release.  18 U.S.C. § 3148(b)(1)(A).  As such, it is the government's burden to establish by clear and convincing evidence that Ms. Bisignano has violated her conditions of release.  For the reasons stated above, the government cannot meet that burden, and therefore revocation of release is not appropriate under § 3148.

If, however, the Court finds otherwise, then the analysis proceeds to § 3148(b)(2).  The government does not allege that Ms. Bisignano is likely to flee or that she poses a danger to the safety of any other person or the community.  Dkt. 80 at 27-30.  As a result, the government must establish Ms. Bisignano is unlikely to abide by any condition or combination of conditions of release pursuant to § 3148(b)(2)(B).

The government's 30-page motion and 8-page supplement is largely focused on historical issues that the Court already considered in May 2023, and determined did not merit revoking bond in this case.  If the government disagreed with that ruling, they had the right to appeal this Court's decision.  They failed to do so.  As a result, the issues have been decided adversely to the government, the decision is final, and the matter is closed.

With respect to the new allegations, i.e. Ms. Bisignano's unknowing appearance on a Twitter space, her participation in prayer calls, and two unintentional Twitter "likes," the defense maintains that these are either not violations of her bond conditions, or unintentional acts which do not meet the intent required to constitute violations of her bond conditions.  If, however, the Court considers these acts violations of her bond conditions, the government cannot meet their

burden under § 3148(b)(2)(B) because Ms. Bisignano has demonstrated that since May 2023 she has been substantially able to abide by the Court's conditions of release.

      b.  <u>The government has failed to meet its burden under 18 U.S.C. § 3143</u>

The government's fallback argument is that Ms. Bisignano should be detained pending sentencing under 18 U.S.C. § 3143. The government does not allege that § 3143(a)(2) applies, and indeed this section does not apply because the counts of conviction do not satisfy the strictures of § 3143(a)(2)(A) and (B). Therefore, Ms. Bisignano could be detained unless the Court finds by clear and convincing evidence that she is not likely to flee or pose a danger to the safety of any other person or the community. 18 U.S.C. § 3143(a)

The Court permitted Ms. Bisignano to remain on bond following her guilty plea, and the withdrawal of a portion of her guilty plea, in this matter. The government now contends that the Court should revoke bond, but has made no showing that Ms. Bisignano is either a danger or likely to flee as required under § 3143(a). Therefore the government's motion is a non-starter under § 3143(a).

Since the inception of this case, the government has taken an unnecessarily aggressive approach to Ms. Bisignano's release conditions. When the court in Los Angeles granted her bond, the government appealed and brought Ms. Bisignano in custody to Washington D.C. When this Court granted Ms. Bisignano bond, the government continually and unsuccessfully sought to have her bond revoked. At this point, there is no legitimate concern that Ms. Bisignano is a flight risk. She has attended each and every court appearance either in person or via video, and has positively performed under location monitoring. There is also no legitimate concern that Ms. Bisignano poses any kind of threat to society. In the government's review of her years-old social media posts, they do not cite to a single post which comes even close to inciting violence

or organizing demonstrations or anything of the like.  Indeed, when the government finally gets to the portion of their brief advocating for the Court to revoke Ms. Bisignano's conditions of release, they do not argue that she is either a flight risk or a danger to society.  Dkt. 80 at 27-30.

The government's sole argument is that Ms. Bisignano should be detained because she has failed to follow the Court's orders.  When, in actuality, the facts of this case show that Ms. Bisignano's performance under supervision has dramatically improved and she is in full compliance with the Court's orders.  The Court should deny the government's motion under § 3143.

    3.  <u>The Court should grant Ms. Bisignano's request for a bond modification</u>

Ms. Bisignano respectfully requests that the Court permit her to remain on bond and reduce her supervision status from home detention to a curfew and remove the location monitoring condition.  Ms. Bisignano has proven to the Court that she is not a risk in terms of either flight or danger, and therefore these conditions are not necessary.

Additionally, Ms. Bisignano respectfully requests that the Court lift the condition prohibiting social media usage.  Ms. Bisignano is a small business owner who used to book clients using Instagram.  The Court's prohibition on her social media usage has prevented her from maintaining business.  Further, the condition is extremely restrictive given the government's very broad definition of social media to include prayer calls.  Indeed, because of the prevalence of social media, Ms. Bisignano is presently at risk of accidentally violating her conditions of release, as demonstrated by the government's pending motion, which could result in a significant loss of liberty to her and a waste of this Court's time and resources.

///

Accordingly, Ms. Bisignano respectfully requests that the Court reduce her level of supervision by removing the home detention and location monitoring conditions and striking the prohibition on social media usage.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: February 6, 2024          By  */s/ Jonathan C. Aminoff*

JONATHAN C. AMINOFF (Bar No. 259290)
(E Mail:  Jonathan_Aminoff@fd.org)
Deputy Federal Public Defenders
Office of the Federal Public Defender, C.D. Cal
321 East Second Street
Los Angeles, California, 90012
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No.: 21-cr-036 (CJN) |
| | : | |
| GINA BISIGNANO | : | |
| Defendant. | : | |
| | : | |

## CERTIFICATE OF SERVICE

I hereby certify on the 6th day of February 2024, a copy of same was electronically filed using the CM/ECF system, and thus delivered to the parties of record, and pursuant to the rules of the Clerk of Court:

        Kimberly L. Paschall
        Assistant United States Attorney
        D.C. Bar No. 1015665
        555 4th Street, N.W.
        Room 4116
        Washington, D.C. 20530
        Phone: (202) 252-2650
        Email: Kimberly.Paschall@usdoj.gov

DATED: February 6, 2024    By  */s/ Jonathan C. Aminoff*

        JONATHAN C. AMINOFF (Bar No. 259290)
        (E Mail: Jonathan_Aminoff@fd.org)
        Deputy Federal Public Defenders
        Office of the Federal Public Defender, C.D. Cal
        321 East Second Street
        Los Angeles, California, 90012
        Telephone: (213) 894-2854
        Facsimile: (213) 894-0081