UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>GINA BISIGNANO,<br><br>*Defendant*. | Criminal Action No. 1:21-cr-00036 (CJN) |

## PRETRIAL SCHEDULING ORDER

Trial is set to commence in this matter on **August 5, 2024**, at 9:00 a.m. The following deadlines shall govern pretrial proceedings:

1. The Defendant shall file any motions to dismiss the indictment or other motions to exclude evidence by **March 29, 2024**; oppositions shall be filed on or before **April 12, 2024**; and replies shall be filed on or before **April 19, 2024**. Any motions to dismiss based on a ruling by the Supreme Court in *Fischer v. United States*, 23-5572, shall be filed within ten days of the Supreme Court's decision; oppositions shall be filed within ten days of the filing of any such motion; and replies shall be filed within five days of the filing of an opposition. If any of these deadlines fall on a weekend or holiday, the filing is due the next business day.

2. Parties shall file their pretrial motions (including motions *in limine*), if any, on or before **June 7, 2024**; oppositions shall be filed on or before **June 21, 2024**; and replies shall be filed on or before **June 28, 2024**.

3. Before filing a pretrial motion, the Parties shall meet and confer to discuss whether any issues presented by the motion can be resolved by agreement of the Parties.

4. The United States shall notify Defendant of its intention to introduce any Rule

404(b) evidence not already disclosed on or before **June 14, 2024**.

5. The United States should endeavor to make grand jury and Jencks Act disclosures as to each witness it expects to call in its case-in-chief on or before **June 28, 2024**. Any *Brady* material not already disclosed also must be disclosed by this date.

6. On or before **July 12, 2024**, counsel shall file a Joint Pretrial Statement that contains the following:

    a. <u>A neutral statement of the case.</u>  The Parties shall include a neutral statement of the case for the Court to read to prospective jurors.

    b. <u>Proposed *voir dire* questions.</u>  The Parties shall indicate:

        i. the *voir dire* questions on which they agree; and

        ii. the *voir dire* questions on which they disagree with specific objections and relevant legal authority noted below each disputed question

    c. <u>Proposed jury instructions</u>.  The Parties shall submit a single list of proposed jury instructions, followed by the text of each proposed instruction, that indicates:

        i. the instructions on which the parties agree; and

        ii. the instructions on which the parties disagree, with specific objections noted below each disputed instruction; and the proposed instruction's source (*e.g.*, the Red Book, Mathew Bender's Federal Jury Instructions) or, for modified or new instructions, supporting legal authority.

            Proposed instructions may be updated as needed to reflect the evidence presented at trial.  Absent a showing of good

cause, no other modifications will be permitted.

d. <u>List of witnesses.</u>  The Parties shall identify the witnesses that each side anticipates it may call in its case-in-chief, divided into the following categories:

   i. witnesses who will be called to testify at trial;

   ii. witnesses who may be called to testify at trial; and

   iii. witnesses whose testimony a party will present by deposition or other prior testimony, indicating whether the presentation will be by transcript or video.

   The Court will read the list of witnesses to the jury during *voir dire*.  In the list, each witness name should be accompanied by a brief description of each witness's expected testimony and area of expertise, if applicable, followed by specific objections, if any, to each witness.

e. <u>Exhibit lists.</u>  The Parties shall include an exhibit list (including demonstratives, summaries, or other specially prepared exhibits), which includes:

   i. the exhibit number for each document;

   ii. the date of the document;

   iii. a brief description of the document;

   iv. a concise statement of the asserted basis for admissibility; and

   v. whether there is an objection to admission of the document and, if so, a concise statement of the basis for the objections.

3

  f. <u>Stipulations.</u> The Parties shall submit a draft of all stipulations.

  g. <u>Proposed verdict form</u>. The Parties shall include a draft verdict form, including any special interrogatories. The draft verdict form should include a date and signature line for the jury foreperson.

  h. The Parties must submit to chambers a printed copy of the Joint Pretrial Statement tabbed and in a three-ring binder. The Parties must submit an electronic version of all proposed *voir dire* questions, jury instructions, and verdict forms in Word format by emailing them to Chambers at Nichols_Chambers@dcd.uscourts.gov. The jury instructions section must be formatted so that each individual jury instruction begins on a new page.

7. The Parties shall deliver to the Court and opposing counsel, in electronic format (either by disc or thumb drive), a copy of all its exhibits, marked by exhibit number, by **July 15, 2024**, except that any exhibits not readily available in electronic format (e.g., the exhibit is a physical object) need not be submitted.

8. The Parties shall meet and confer about exhibits and witnesses by **July 15, 2024**, to discuss anticipated objections and stipulations for admission.

9. The Court will schedule hearings on any motions filed by the Parties as necessary.

10. In addition, counsel shall appear on **July 26, 2024**, at 12:30 p.m., by telephone for a status conference.

DATE: May 3, 2024

                       CARL J. NICHOLS
                       United States District Judge