UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No.: 21-cr-036 (CJN) |
| | : | |
| GINA BISIGNANO | : | |
|                 Defendant. | : | |
| | : | |

### **DEFENDANT GINA BISIGNANO'S MOTION TO DISMISS COUNT ONE**

Defendant Gina M. Bisignano, by and through her undersigned counsel of record, hereby moves this Honorable Court for an order dismissing Count One of the Indictment. The government opposes this motion. In support of this motion, Ms. Bisignano sets forth the following facts and argument.

**I.**     **Relevant Procedural and Factual History**

On January 29, 2021, Ms. Bisignano was charged, via indictment, with seven counts of criminal wrongdoing associated with the events of January 6, 2021 at the United States Capitol. On August 4, 2021, the government filed a plea agreement in this matter whereby Ms. Bisignano pled guilty to a series of counts, including Count One charging a violation of 18 U.S.C. § 1512(c)(2).

In March 2022, in separate prosecutions, this Court granted defendant Miller's and Fischer's motions to dismiss pending section 1512 charges after finding that their alleged actions on January 6, 2021 did not fall within the scope of section 1512. *United States v. Miller*, 21-CR-119, Dkt. 72; *United States v. Fischer*, 21-CR-234, Dkt. 64. The Court subsequently granted a similar motion in *United States v. Lang*, 21-CR-53, 6/7/22 minute order.

1

On May 20, 2022, Ms. Bisignano, via prior counsel, moved to withdraw her guilty plea with respect to Count One (the section 1512 charge).  Dkt. 51.  With the parties agreement, the Court held the motion in abeyance while the Court of Appeals reviewed this Court's decision in *Fischer/Miller/Lang*.  Dkt. 61 at 16:21-24.

On April 7, 2023, the Court of Appeals issued its decision in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), reversing this Court's decisions in *Fischer/Miller/Lang*.  On May 4, 2023, the Court granted Ms. Bisignano's motion to withdraw her guilty plea as to Count One and subsequently granted the defense motion for new counsel and appointed undersigned counsel on July 5, 2023.

On December 13, 2023, the Supreme Court granted certiorari in *Fischer v. United States*, No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023).  This Court then granted the defense's opposed motion (Dkt. 75) to continue Ms. Bisignano's trial such that the parties could avail themselves of the Supreme Court's decision in *Fischer*.  This Court set trial in this matter for August 5, 2024 and required that Ms. Bisignano file any motion to dismiss pursuant to *Fischer* within ten days of the Supreme Court's decision.  Dkt. 87.

On June 28, 2024, the Supreme Court issued its decision in *Fischer v. United States*, 603 U.S. __, 2024 WL 3208034 (2024) vacating the D.C. Circuit's opinion and concluding, consistent with this Court's prior orders, that a violation of section 1512(c)(2) required proof that the defendant interfered with the use in an official proceeding of records, documents, objects, or other things used in the proceeding.  *Compare id*. at *10, *with United States v. Fischer*, 21-CR-234-CJN, Dkt. 64 at 7-8 (holding that for a defendant's conduct to fall within the ambit of subsection (c)(2), the defendant must "have taken some action with respect to a document,

2

record, or other object in order to corruptly obstruct, impede or influence an official proceeding" (internal quotations omitted)).

Consistent with *Fischer*, Ms. Bisignano timely moves to dismiss Count One of the Indictment.

## II.     Standard of Review

An indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment "must provide the defendant sufficient detail to allow him to prepare a defense, to defend against a subsequent prosecution of the same offense, and to ensure that he be prosecuted upon facts presented to the grand jury." *United States v. Apodaca*, 275 F. Supp. 3d 123, 153 (D.D.C. 2017) (citing *Russell v. United States*, 369 U.S. 749 (1962), and *Stirone v. United States*, 361 U.S. 212 (1960)). A defendant "may raise by pretrial motion any defense, objection, or request that the Court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(3)(B).

Before trial, a criminal defendant may move to dismiss the indictment, or a charge in the indictment, based on a "defect in the indictment." Fed R. Crim. P. 12(b)(3)(B). Rule 12 provides that such defects include "failure to state an offense" and "lack of specificity." Fed. R. Crim. P. 12(b)(3)(B)(iii), (v). "The operative question is whether the allegations in the indictment, if proven, permit a jury to conclude that the defendant committed the criminal offense as charged." *United States v. Akinyoyenu*, 199 F. Supp. 3d 106, 109 (D.D.C. 2016). In considering a Rule 12 motion to dismiss, "the Court is bound to accept the facts stated in the indictment as true." *United States v. Syring*, 522 F. Supp. 2d 125, 128 (D.D.C. 2007); *United States v. Sampson*, 371 U.S. 75, 78 (1962). Accordingly, "the Court cannot consider facts beyond the four corners of the indictment." *United States v. Ring*, 628 F. Supp. 2d 195, 204 (D.D.C. 2009) (internal quotations omitted).

III.     **The Supreme Court's Decision in *Fischer v. United States***

18 U.S.C. section 1512 provides:

(c) Whoever corruptly—

(1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or

(2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so,

shall be fined ... or imprisoned not more than 20 years, or both.

Interpreting the meaning of the statute, the Supreme Court explained that subsection (c)(1) lists specific examples of prohibited actions undertaken with the intent to impair an object's integrity or availability for use in an official proceeding. Subsection (c)(2) immediately follows with a "residual clause." *Fischer*, 2024 WL 3208034 at *6. Reasoning that Congress would not have bothered listing out specific examples in (c)(1) if (c)(2) merely encompassed all of the behavior contemplated by (c)(1), the Court concluded that "the scope of (c)(2) is defined by reference to (c)(1)." *Fischer*, 2024 WL 3208034 at *6.

After concluding that subsection (c)(2) is tethered to (c)(1), the Court explained that subsection (c)(1) refers specifically to four types of actions that inherently impair the integrity or availability of records, documents, or objects for use in an official proceeding. In following with the phrase "otherwise obstructs, influences, or impedes any official proceeding," subsection (c)(2) is correctly "read as having been given more precise content by that narrower list of conduct" preceding it in subsection (c)(1). *Id.* Thus, subsection (c)(2) "makes it a crime to

4

impair the availability or integrity of records, documents, or objects used in an official proceeding in ways other than those specified in (c)(1)." *Id*.

In sum, the Court held: "To prove a violation of Section 1512(c)(2), the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or as we earlier explained, other things used in the proceeding, or attempted to do so." *Id*. at *10.

### IV.     *Fischer* Compels Dismissal of Count One

Count One of the Indictment charges Ms. Bisignano with a violation of 18 U.S.C. § 1512(c)(2), as follows:

> On or about January 6, 2021, within the District of Columbia and elsewhere, GINA MICHELLE BISIGNANO, attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, and did aid and abet others known and unknown to do so, that is, a proceeding before Congress, by entering and remaining in the United States Capitol without authority and committing an act of civil disorder, and engaging in disorderly and disruptive conduct and destroying federal property.

Dkt. 10 at 1-2.

The Indictment does not allege that Ms. Bisignano impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding. Indeed, there is no mention whatsoever of documents, records, or other objects related to an official proceeding. Rather, the indictment simply alleges that Ms. Bisignano entered the United States Capitol and therein engaged in disorderly and disruptive conduct. As

5

such, Ms. Bisignano's alleged conduct does not fall within the conduct proscribed by section 1512(c)(2), and therefore Count One of the indictment must be dismissed.

Count One also charges a violation 18 U.S.C. § 2. That section states that anyone who "commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." 18 U.S.C. § 2(a). In the context of Count One, a violation of section 2 is thus dependent on some violation of section 1512(c)(2)—the only offense against the United States charged in Count One. Because Ms. Bisignano has not violated section 1512(c)(2), the inclusion of section 2 does not save Count One from dismissal. *See, e.g., Miller*, 21-CR-119-CJN, Dkt. 72.

## V.      Conclusion

For the foregoing reasons, and consistent with this Court's prior decisions and the Supreme Court's decision in *Fischer*, Defendant Gina Bisignano respectfully requests that the Court grant the motion and dismiss Count One.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: July 8, 2024          By  */s/ Jonathan C. Aminoff*

JONATHAN C. AMINOFF (Bar No. 259290)
(E Mail:  Jonathan_Aminoff@fd.org)
HOLT ALDEN
(E Mail:  Holt_Alden@fd.org)
Deputy Federal Public Defenders
Office of the Federal Public Defender, C.D. Cal
321 East Second Street
Los Angeles, California, 90012
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No.: 21-cr-036 (CJN) |
| | : | |
| GINA BISIGNANO | : | |
| Defendant. | : | |
| | : | |

### CERTIFICATE OF SERVICE

I hereby certify on the 8th day of July 2024, a copy of same was electronically filed using the CM/ECF system, and thus delivered to the parties of record, and pursuant to the rules of the Clerk of Court:

> Kimberly L. Paschall
> Anthony Mariano
> Assistant United States Attorney
> D.C. Bar No. 1015665
> 555 4th Street, N.W.
> Room 4116
> Washington, D.C. 20530
> Phone: (202) 252-2650
> Email: Kimberly.Paschall@usdoj.gov

DATED: July 8, 2024         By  /s/ Jonathan C. Aminoff
                            _____
                            JONATHAN C. AMINOFF (Bar No. 259290)
                            (E Mail:  Jonathan_Aminoff@fd.org)
                            Deputy Federal Public Defender
                            Office of the Federal Public Defender, C.D. Cal
                            321 East Second Street
                            Los Angeles, California, 90012
                            Telephone: (213) 894-2854
                            Facsimile: (213) 894-0081

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | No.: 21-cr-036 (CJN) |
| GINA BISIGNANO : | |
| Defendant. : | |

**ORDER**

Upon consideration of Defendant's Motion to Dismiss Count One of the Indictment, it is hereby ORDERED that Defendant's Motion is GRANTED.

SO ORDERED this _____ day of _____, 2024.

_____
THE HONORABLE CARL J. NICHOLS
United States District Court Judge