UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : No.: 21-cr-036 (CJN) |
| GINA BISIGNANO | : |
|         Defendant. | : |

**DEFENDANT GINA BISIGNANO'S RESPONSE TO THE GOVERNMENT'S
OMNIBUS MOTIONS *IN LIMINE*__**

Defendant Gina M. Bisignano, by and through her undersigned counsel of record, hereby responds to the Government's omnibus motions *in limine*. Dkt. 91. In support of this response, Ms. Bisignano sets forth the following facts and argument.

**I.    Introduction**

"Motions *in limine* should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial." *Biorriginal Food & Science Corp. v. Biotab Nutraceuticals, Inc.*, 2015 WL 10733384, at *3 (C.D. Cal. Aug. 24, 2015); *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) ("Orders *in limine* which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise."); *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013) ("Evidentiary rulings, especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context.").

1

Here, the government has raised a number of motions *in limine* to preclude evidence that are premature, overbroad, or unsupported. As detailed below, Ms. Bisignano respectfully requests this Court deny certain of those motions.

## II.     Motion in Limine to Admit Certain Categories of Multimedia

In accordance with the Court's Amended Pretrial Scheduling Order, Dkt. 89, Ms. Bisignano shall include her objections to the government's exhibit list in the Joint Pretrial Statement that is due on July 12, 2024.

## III.    Motion in Limine to Admit Certain Statutes and Records

The government requests the Court take judicial notice of, and admit into evidence, copies of Article II, Section 1 of the Constitution, the Twelfth Amendment, 3 U.S.C. §§ 15-18 relating to the Electoral College Certification Official Proceedings, and the memorialization in the Congressional Record of the Congressional proceedings on January 6, 2021. Dkt. 91 at 9-10.

Ms. Bisignano does not object to the Court taking judicial notice of the Federal Electoral College Certification law or the Congressional Record memorializing Congressional proceedings on January 6, 2021.

## IV.     Motion in Limine to Limit Unnecessary Discussion of Security-Related Topics

The government seeks an order limiting cross-examination on Secret Service protocols and "limiting the defense from probing, during cross-examination, the exact locations of U.S. Capitol Police surveillance cameras or from using the maps, which show each camera's physical location, as an exhibit at trial." Dkt. 91 at 11.

As to Secret Service protocols, at this time, Ms. Bisignano does not intend to question witnesses or present evidence about Secret Service Protocols. As to the location of surveillance cameras, Ms. Bisignano does not intend to admit, as an exhibit, the map showing every camera's

physical location. However, the remaining part of the government's request to preclude, as it relates to surveillance cameras, is overbroad and premature.

While questioning or seeking to admit evidence that discloses the location of every Capitol Police surveillance camera may have a low probative value when weighed against national security interests, the location of a particular camera, or cameras in a specific location of the capitol grounds, may be directly relevant to the reliability of the footage the government is attempting to present. The relevance will depend on the nature of the government's questions and the testimony it seeks to elicit during trial regarding any surveillance camera footage. Any cross-examination questions would be narrow and specific to the particular camera in question.

Accordingly, this motion in limine is premature, and Ms. Bisignano respectfully reserves the right to cross-examine on the location of a specific security camera, should it become relevant at trial. If there is a need to cross-examine, Ms. Bisignano does not object to the government's request to have the Court conduct an in-camera hearing to resolve the issue. Dkt. 91 at 15 n.2.

V.   **Motion in Limine to Preclude Defendant's Introduction of Her Own Out-of-Court Statements as Inadmissible Hearsay**

The government seeks an order excluding Ms. Bisignano's statements as inadmissible hearsay. Dkt. 91 at 16-19. However, the government has not yet indicated which of Ms. Bisignano's statements they intend to introduce. After receiving and reviewing the government's proposed exhibits, Ms. Bisignano may well submit portions of her statements that should be admitted pursuant to Federal Rule of Evidence 106's rule of completeness. There are likely multiple portions of Ms. Bisignano's statements that need to be admitted to help explain and put into context the government's proffered statements, to avoid misleading the fact-finder,

and to ensure a fair and impartial understanding of Ms. Bisignano's statements.  *See United States v. Castro*, 813 F.2d 571, 575–76 (2d Cir. 1987) (noting that adverse party can demand that an omitted portion "be placed in evidence if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion").

## VI.  Motion in Limine to Preclude Improper Defense Arguments

The government seeks to preclude Ms. Bisignano from raising certain defense arguments, including defenses based on (1) the First Amendment; (2) charging decisions and selective prosecution; (3) entrapment or public authority; and (4) a broad category that the government describes as "irrelevant arguments."  Dkt. 91 at 19-30.

Ms. Bisignano objects to the government's broad request to preclude defenses.  Ms. Bisignano has a constitutional right to present a complete defense under the Fifth Amendment right to due process and Sixth Amendment right to a fair trial.  *See e.g., Chambers v. Mississippi*, 410 U.S. 284, 302 (1973); *Crane v. Kentucky*, 476 U.S. 683 (1986); *California v. Trombetta*, 467 U.S. 479, 485 (1984).

### a.  First Amendment

The government seeks to preclude Ms. Bisignano from eliciting evidence or arguing to the fact-finder that her statements and actions were protected by the First Amendment.  Dkt. 91 at 19-22.  The government argues that if it "establishes the elements of any offense with which defendants are charged, the First Amendment provides them no defense . . . ."  *Id*. at 21.  But the government must first establish every element of the charged crime beyond a reasonable doubt, including the element of intent.  While the First Amendment may not be a complete defense if all the elements of the offense have in fact been proven, this Court cannot preclude Ms. Bisignano

4

from arguing that statements made by Ms. Bisignano did not establish an element of the offense—particularly as it pertains to the government's burden to prove the requisite intent.

Ms. Bisignano must be permitted to argue to the fact-finder that her statements do not support a conclusion that she actually intended to, for example, obstruct or impede an official proceeding, but rather that they were an expression made as part of her freedom to exercise her First Amendment right to free speech. *See, e.g., United States v. White*, 610 F.3d 956, 962 (7th Cir. 2010) (noting the difference between a First Amendment defense to a charge and raising a First Amendment argument to undermine the element of intent). Thus, to the extent the government's motion precludes Ms. Bisignano from making any First Amendment argument as part of her defense to negate an element of the offense, the motion must be denied.

b. **Entrapment and public authority defenses**

The government seeks to preclude Ms. Bisignano from raising a public authority or entrapment by estoppel defense. Dkt. 91 at 23-28. Contrary to the government's claim, Ms. Bisignano can make the requisite showing to present both affirmative defenses. In the defense of public authority, the defendant committed a criminal act, but did so in reasonable reliance upon a grant of authority from a government official. Entrapment by estoppel occurs when a government official commits an error and, in reliance thereon, the defendant violates the law.

> The difference between the entrapment by estoppel defense and the public authority defense is not great. In the first, a government official commits an error and the defendant relies on it and thereby violates the law . . . . In the second, a government official makes some statement or performs some act and the defendant relies on it, possibly mistakenly, and commits an offense in so doing.

5

*United States v. Burrows*, 36 F.3d 875, 882 (9th Cir. 1994) (internal citations omitted).

Here, Ms. Bisignano will be able to make the requisite showing based on former President Trump's speech on January 6, 2021—which included comments like, "We fight like hell. And if you don't fight like hell, you're not going to have a country anymore." As the leader of this country at that time, former President Trump told individuals that the election had been stolen and that, if they did not fight, they would lose their country. He relayed this message to individuals while telling them all that they were going to march to the Capitol.

For purposes of a public authority defense, former President's Trump claim that the election was stolen was an error, and his subsequent instruction to march and fight at the Capitol—implicitly instructing people to stop the election certification—was a sanction of an unlawful act. As this order came directly from the President of the United States to his supporters, it was reasonable for Ms. Bisignano to follow instructions and do as the President ordered.

In addition to the public authority defense, Ms. Bisignano, under the same facts, can make the requisite showing for an entrapment by estoppel defense. The defense of entrapment by estoppel is not "limited to the circumstance of actual authorization." *United States v. Abcasis*, 45 F.3d 39, 44 (2d Cir. 1995). "It focuses on the conduct of the government leading the defendant to believe reasonably that he was authorized to do the act forbidden by law." It is a doctrine that "depends on the unfairness of prosecuting one who has been led by the conduct of government agents to believe his acts were authorized." *Id*. While the government cites to the order in *United States v Chrestman*, 525 F. Supp. 3d 13, 32-33 (D.D.C. 2021) to argue that an entrapment by estoppel defense cannot apply to former President Trump's actions and directives on January 6, 2021, Dkt. 91 at 27, this order is not binding precedent.

6

Based on former President's Trump's instructions in his January 6, 2021, speech, Ms. Bisignano will be able to make the requisite showing to present a public authority and entrapment by estoppel defense. To the extent evidence is elicited at trial that shows Ms. Bisignano's actions were also encouraged by U.S Capitol Police, other law enforcement, or agents of the government, she respectfully reserves the right to also raise a public authority or entrapment by estoppel defense as to those individuals.  Accordingly, Ms. Bisignano respectfully requests this Court deny the government's motion to preclude her public authority and entrapment by estoppel defense.

### c. Other possible defenses

The government seeks to preclude various other defenses.  Until trial begins, however, Ms. Bisignano does not know what testimony the government will elicit and what might become relevant or admissible as the government presents its case.  Ms. Bisignano thus reserves the right to put on a complete defense, subject to the rules of evidence, and respectfully requests that the Court not grant the government's motion but rather consider these issues if they present themselves at trial.

### VII. Motion in Limine to Admit Evidence of November 2020 and December 2020 Rallies

The defense does not oppose admission of evidence that Ms. Bisignano previously peacefully protested.

**VIII.   Conclusion**

For the foregoing reasons, Defendant Gina Bisignano respectfully requests that the Court deny the government's motions *in limine* to which she has objected.

                                      Respectfully submitted,

                                      CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: July 8, 2024            By   */s/ Jonathan C. Aminoff*

                                      JONATHAN C. AMINOFF (Bar No. 259290)
(E Mail:  Jonathan_Aminoff@fd.org)
HOLT ALDEN
(E Mail:  Holt_Alden@fd.org)
Deputy Federal Public Defenders
Office of the Federal Public Defender, C.D. Cal
321 East Second Street
Los Angeles, California, 90012
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No.: 21-cr-036 (CJN) |
| | : | |
| GINA BISIGNANO | : | |
|       Defendant. | : | |
| | : | |

## CERTIFICATE OF SERVICE

I hereby certify on the 8th day of July 2024, a copy of same was electronically filed using the CM/ECF system, and thus delivered to the parties of record, and pursuant to the rules of the Clerk of Court:

        Kimberly L. Paschall
        Anthony Mariano
        Assistant United States Attorney
        D.C. Bar No. 1015665
        555 4th Street, N.W.
        Room 4116
        Washington, D.C. 20530
        Phone: (202) 252-2650
        Email: Kimberly.Paschall@usdoj.gov

DATED: July 8, 2024      By  /s/ Jonathan C. Aminoff

        JONATHAN C. AMINOFF (Bar No. 259290)
        (E Mail: Jonathan_Aminoff@fd.org)
        Deputy Federal Public Defender
        Office of the Federal Public Defender, C.D. Cal
        321 East Second Street
        Los Angeles, California, 90012
        Telephone: (213) 894-2854
        Facsimile: (213) 894-0081