UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No.: 21-cr-036 (CJN) |
| | : | |
| GINA BISIGNANO | : | |
| Defendant. | : | |
| | : | |

**GOVERNMENT'S MOTION FOR RULING
THAT DEFENDANT BREACHED THE PLEA AGREEMENT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of a finding that the defendant Gina Bisignano breached the plea agreement entered in this case on August 4, 2021. ECF No. 39. For the reasons stated in this motion, and on any hearing on the motion, the government seeks a ruling from this Court that the defendant is in breach of her plea agreement, but remains convicted of Counts Two, Four, Five, Six and Seven of the operative indictment.

**I.      RELEVANT PROCEDURAL HISTORY**

On January 29, 2021, defendant Gina Bisignano was charged by indictment with ten counts, including: 1) Count One, Obstruction of an Official Proceeding, Aiding and Abetting, in violation of 18 U.S.C. § 1512(c)(2) and 2; 2) Count Two, Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); 3) Count Three, Destruction of Government Property, Aiding and Abetting, in violation of 18 U.S.C. § 1361 and 2; 4) Count Four, Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); 5) Count Five, Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2);

1

6) Count Six, Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4); and 7) Count Seven, Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D). Bisignano was released pending disposition of this matter. ECF No. 22.

The government and defense reached an agreement for Bisignano to plead guilty to Counts One, Two, Four, Five, Six and Seven of the indictment. ECF No. 39. Bisignano waived her right to trial by jury by signing the Court's waiver. ECF No. 37. Bisignano agreed to the statement of offense laying out the facts supporting the charges. ECF No. 38. On August 4, 2021, the Court held a sealed plea colloquy, during which this Court followed the Rule 11 procedures, and Bisignano plead guilty. Docket Text August 4, 2021. The parties agreed to defer sentencing.

On December 6, 2021, the government moved to unseal the plea proceedings, ECF No. 48, and the Court granted that order on December 21, 2021. See Docket Text December 21, 2021. At the status conference on March 4, 2022, the government requested a sentencing date. The Court set that date for July 12, 2022. See Docket Text March 4, 2022. On May 20, 2022, defense filed a motion to withdraw the guilty plea solely as to Count One, Obstruction of an Official Proceeding. ECF No. 51. The government opposed. ECF No. 52. The Court held its decision in abeyance while the parties awaited the outcome of *United States v. Fischer*, 22-3038 (D.C. Cir.).

The D.C. Circuit Court affirmed the conviction in *Fischer* on April 7, 2023. See *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. April 7, 2023). On May 4, 2023, the parties appeared before the Court to resolve the motion to withdraw the guilty plea. After an extended colloquy with the Court, the defendant was permitted to withdraw her guilty plea as to Count One. See Docket Text May 4, 2023. The remaining counts were set for trial on October 30, 2023.

2

New counsel was appointed for the defendant on July 21, 2023. The trial date was continued until April 8, 2024, for new counsel to get up to speed on the case. The trial date was continued once again to August 5, 2024, as the parties awaited the Supreme Court decision in *Fischer*. The decision in *Fischer* came on June 28, 2024. See *Fischer v. United States*, 603 U.S. ___, 144 S.Ct. 2176 (2024). On July 16, 2024, for the reasons noted in ECF No. 97, the government moved to dismiss Count One, Obstruction of an Official Proceeding. On July 18, 2024, the Court held a status conference at which defense counsel announced the intention of the defendant to plead, without agreement, to Count Three. See Minute Entry July 18, 2024. The parties agreed to file motions on the defendant's breach of the plea agreement from August 4, 2021.

## II. RELEVANT LEGAL STANDARDS

In order to interpret the terms of a plea agreement, the Court should "look to principles of contract law." *United States v. Ahn*, 231 F.3d 26, 35 (D.C. Cir. 2000); *United States v. Jones*, 58 F.3d 688, 691 (D.C. Cir. 1995). "In evaluating whether a plea agreement has been breached, we look to the reasonable understanding of the parties and construe any ambiguities in the agreement against the government." *United States v. Henry*, 758 F.3d 427, 431 (D.C. Cir. 2014) (citing *In re Sealed Case*, 702 F.3d 59, 63 n. 2 (D.C. Cir. 2012)); see also *United States v. Rodgers*, 101 F.3d 247, 253 (2d Cir.1996). The Court should apply a preponderance of the evidence standard in determining whether or not a defendant has breached the plea agreement. See e.g., *United States v. Alexander*, 901 F.2d 272, 273 (2d Cir.1990) (per curiam) (affirming district court's application of preponderance of the evidence standard to determination of whether there was a breach of the plea agreement); *United States v. Byrd*, 413 F.3d 249, 251 (2d Cir. 2005).

When a defendant breaches a plea agreement, "the Government has the option to either seek specific performance of the agreement or treat it as unenforceable." *United States v. Cimino*, 381 F.3d 124, 128 (2d Cir. 2004). In this context, "specific performance" means that the government can enforce the remaining provisions of the agreement and hold the defendant to the guilty plea. See *United States v. Alexander*, 869 F.2d 91, 94-95 (2d Cir. 1989). "If the government instead chooses to treat the entire agreement as unenforceable…, the presumption is that the defendant may withdraw his plea, unless 'the plea agreement itself ... describe[s] the government's remedies in such a fashion as to foreclose plea withdrawal by the defendant in these circumstances.'" *United States v. Gardner*, 5 F.4th 110, 117 (1st Cir. 2021) (citing 5 Wayne R. LaFave et al., Crim. Proc. § 21.2(e)).  "A defendant who breaches a plea agreement forfeits any right to its enforcement." *United States v. Wells*, 211 F.3d 988, 995 (6th Cir. 2000); see also *United States v. Merritt*, 988 F.2d 1298, 1313 (2nd Cir. 1993) (observing that although a defendant may enforce a plea agreement that induces a plea of guilty, a defendant who materially breaches such an agreement may not claim its benefits); *United States v. Reardon*, 787 F.2d 512, 516 (10th Cir. 1986) (stating that "it is clear that a defendant's failure to fulfill the terms of a pretrial agreement relieves the government of its reciprocal obligations under the agreement."). "Having made a commitment to the Government, Defendant was duty bound to honor that commitment or suffer the consequences." See *United States v. Gregory*, 245 F.3d 160, 165 (2nd Cir. 2001).

### III.   ARGUMENT

Here, the defendant has breached the primary tenet of the plea agreement by withdrawing her guilty plea to Count One. Her agreement to plead to the enumerated counts is enshrined in the first paragraph of her plea agreement. See ECF No. 39, at 1. Additionally, the agreement itself

required the defendant to waive "any right to challenge the conviction entered," which she effectively did by withdrawing from a single count of the guilty plea. See ECF No. 39, at 9. Finally, the agreement contemplates that if the defendant "fails to specifically perform or to fulfill completely each and every one of [her] obligations under this Agreement…[the defendant] will have breached the agreement." ECF No. 39, at 11. Failing to plead guilty and subsequently filing a motion to challenge the conviction on Count One means the defendant has failed to specifically perform her end of the agreement.

The defendant was made well-aware that plea withdrawal would be a breach of the agreement. At the hearing on May 4, 2023, the government stated, before the defendant withdrew her plea, that the government viewed this action as a breach and the government would be free of its obligations, including any obligations under Guideline Section 5K1.1 to make a motion for downward departure or to dismiss Count Three at the time of sentencing. See 05/04/23 Tr. 3: 21- 7:7. The Court reiterated this position to defense counsel during the colloquy. See 05/04/23 Tr. 21: 5-11 ("And does she otherwise understand that, if she withdraws her plea and I permit it, that the government will take the position that the plea agreement has been breached and the government's obligations are effectively – they're not binding on the government and so the government's commitments, such as they are in the plea agreement, are not binding any longer."). The Court even had a colloquy directly with the defendant explaining to her that withdrawal of her guilty plea would be a breach that frees the government from its obligations in the agreement reached; the defendant told the Court she understood. 05/04/23 Tr. 45:4 014. ("THE COURT: And do you understand that, if you withdraw your plea and I allow it, then the government is not bound by the plea agreement that you signed? THE DEFENDANT: Yes, if you say so, sir. Yes. THE COURT:

Well, certainly, it's the government's position that it would not be bound. And I do think that it's very likely that the effect of your withdrawing your plea would be to make you in violation of the plea agreement. Do you understand that? THE DEFENDANT: Yes, sir."). Then, the Court ordered that defense counsel have a discussion with the defendant about all the consequences of a withdrawal. 05/04/23 Tr. 48:13- 50:4. Subsequent to all of these warnings that she would be in breach, the defendant still decided to withdraw her plea to Count One.

Given the tenets of the agreement that the defendant signed, and the colloquy with the defendant on the day of her withdrawal, it seems clear that the defendant intended to violate her agreement with the government and was fully aware that withdrawing from her plea would be viewed as a breach. The agreement between the parties only requires, as case law from other jurisdictions suggests, that the government prove a breach of this agreement "only by a preponderance of the evidence." ECF No. 39, at 11. The government asks that the Court now find her in breach based on that standard.

The government now seeks the remedy outlined in the agreement for breach. Unlike some cases, where withdrawal of the guilty plea or breach of the agreement are not contemplated, see, e.g., *United States v. Gardner*, 5 F.4th 110, 117 (1st Cir. 2021), the agreement reached by the parties in August 2021 outlines in Paragraph 13 what should happen if the defendant breaches:

> In the event of such a breach: (a) the Government will be free from its obligations under this Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client will be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; (d) no motion pursuant to Section 5K1.1 of the Sentencing Guidelines or 18 U.S.C. § 3553(c) will be filed or sought; and (e) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of, this Agreement, whether or not the debriefings were previously characterized as

"off-the-record" debriefings, and including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

ECF No. 39, at 11.

As mentioned above, government also noted at the hearing on the motion to withdraw what the consequences would be. The government now seeks to be free of any obligations to argue for a specific sentence or make a motion under 5K1.1 for any downward departure. See, e.g., *United States v. El-Gheur*, 201 F.3d 90, 93-94 (2d Cir. 2000) (holding that defendant's breach of cooperation agreement absolved Government of obligation to move for downward departure pursuant to U.S.S.G. § 5K1.1). The government also asks that the defendant not be allowed to withdraw any other counts of her guilty plea. *United States v. Gardner*, 5 F.4th 110, 117 (1st Cir. 2021). Finally, the government asks to be released from its obligation to dismiss Count Three at the time of sentencing, so the Court may accept the defendant's plea to that count.

## CONCLUSION

Accordingly, for the foregoing reasons, the government respectfully requests that the Court find the plea agreement breached in this case, and free the government from its obligations therein, as outline in Paragraph 13 of the agreement.

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar No. 481052

        BY: /s/
        KIMBERLY L. PASCHALL
        Assistant United States Attorney

                        National Security Section
                        D.C. Bar No. 1015665
                        601 D Street, N.W.,
                        Washington, D.C. 20530
                        202-252-2650
                        Kimberly.Paschall@usdoj.gov