UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No.: 21-cr-036 (CJN) |
| | : | |
| GINA BISIGNANO | : | |
| Defendant. | : | |
| | : | |

**GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR RULING THAT DEFENDANT BREACHED THE PLEA AGREEMENT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this reply to the defense partial opposition to the government's motion on breach of the plea agreement. ECF No. 100. The defense argues that the government has waived its right to seek a remedy for the defendant's breach of her agreement, and now seeks specific performance by requiring the government to make a motion pursuant to 5K1.1 at the defendant's eventual sentencing, and to not seek her pretrial detention. ECF No. 100, at 9. The government submits this outcome is inconsistent with the facts, equities, and the law, and urges the Court to find, consistent with the terms of the parties' agreement, that the government is free of its obligations under the plea agreement as a result of the defendant's breach.

**I.      ARGUMENT**

The defendant has breached the primary tenet of the plea agreement by withdrawing her guilty plea to Count One; the parties agree on this point. *See* ECF No. 100, at 5. The parties also agree that while a plea agreement is a contract, and rules of contract law apply in the main, the parties are also subject to the tenets of good faith and fair dealing. *See* ECF No. 100, at 5; *see, e.g.*,

1

*United States v. Henry*, 758 F.3d 427, 431 (D.C. Cir. 2014) ("The bargained-for promises are bolstered by an implied obligation of good faith and fair dealing."). Therefore, the only dispute this Court must decide is the remedy for the defendant's breach.

### *The Government Should Be Released from All Obligations*

The defense arguments—that the government should be bound to make a motion for downward departure and not oppose the defendant's continued release after her plea—are primarily based on the equities. *See* ECF No. 100, at 5. But, to force the government to give a defendant the benefit of a plea agreement once breached—blatantly, in this instance, by withdrawing her plea of guilty—would create perverse incentives for defendants to materially breach agreements with no consequence. *See*, *United States v. Williams*, 510 F.3d 416, 422 (3d Cir. 2007) ("[T]he government would have no meaningful recourse if it performed its end of the agreement but did not receive the benefit of its bargain in return."). One party cannot be held to a bargain that the other party has breached. *United States v. Alexander*, 869 F.2d 91, 95 (2d Cir. 1989). It simply cannot be that the government must continue to perform on a contract when a defendant will not. *See generally United States v. Williams,* 510 F.3d 416, 422 (3d Cir. 2007) ("[A] defendant should not be permitted to get the benefits of [his] plea bargain, while evading the costs . . . and contract law would not support such a result.") (citing *United States v. Bernard*, 373 F.3d 339, 345 (3d Cir. 2004)).

D.C. Circuit case law has addressed the remedy for breaches of a different type than that alleged here—for instance, when defendants testified untruthfully at trial or declined to be truthful during debrief sessions—and has held that the government is not bound to its prior promises when a breach occurs. *United States v. Profeta*, 995 F.2d 306 (table), 1993 WL 185730, at *1 (D.C. Cir.

1993) (unpublished) ("Even assuming, arguendo, that the government had failed to advise the district court of the full nature, extent and value of appellant's cooperation, as provided in paragraph seven of the agreement, such failure also would have been justified by reason of appellant's material breach of the agreement."); *United States v. Shah*, 263 F. Supp. 2d 10, 33 (D.D.C. 2003), *aff'd and remanded*, 453 F.3d 520 (D.C. Cir. 2006) (determining that the defendant would not receive departure under § 5K1.1 after the government proved by preponderance that defendant breached his plea agreement by not being fully truthful during debrief sessions, and defendant made no substantial threshold showing of bad faith on the part of the government). While these breaches are not of the type the defendant concedes here, the holdings from the D.C. Circuit should be instructive for this Court about what a proper remedy is when a defendant breaches as blatantly as the defendant has here by withdrawing from the core tenet of the plea agreement. That remedy, as described in the agreement itself (ECF No. 39, at 11 ¶ 13), is release of the government from all its obligations in the breached agreement. *See* 5 Wayne R. LaFave, Criminal Procedure § 21.2(e), at 60 (2d ed. Supp. 2007) ("[I]t is generally accepted that 'when a defendant breaches his plea agreement, the Government has the option to either seek specific performance of the agreement or treat it as unenforceable' (at least absent language in the plea agreement specifying fewer or other remedies).")

### *Even Specific Performance Does Not Require Departure Recommendation*

The defense argues that the government's reliance on the defendant's specific performance on a portion of the agreement—preparing for and testifying at another January 6th trial—demands the government now specifically perform by moving for a 5K1.1 departure. ECF No. 100, at 8–9. However, the agreement itself states: "[y]our client agrees, however, that such breach by your

3

client will not constitute a basis for withdrawal of your client's plea of guilty *or otherwise relieve your client of your client's obligations under this Agreement.*" ECF No. 39, at 6–7 (emphasis added). It was not improper for the government to continue to require the defendant to meet her obligations under the agreement, even if her filing the motion to withdraw in May 2022 was, as the government argued then, a breach. *See United States v. Holbrook*, 207 F. Supp. 2d 472, 475 (W.D. Va. 2002), *aff'd*, 368 F.3d 415 (4th Cir. 2004), *cert. granted, judgment vacated on other grounds*, 545 U.S. 1125 (2005) ("The terms of the plea agreement here are plain that once the defendant attempted to withdraw her guilty plea, she was in breach of the agreement and the government could then seek the appropriate remedies as defined in paragraph D….").

Moreover, with respect to the 5K1.1 motion, the defense seeks performance on a tenet that is not even in the agreement. Under the four corners of the agreement, there is no guarantee that the government will make a 5K1.1 departure motion. That obligation is, and always was, a contingent one:

> The Departure Guideline Committee of the United States Attorney's Office for the District of Columbia will evaluate the full nature and extent of your client's cooperation to determine whether your client has provided substantial assistance in the investigation or prosecution of another person who has committed an offense. **If the Departure Guideline Committee determines that your client has provided such substantial assistance, this Office shall file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines**, which would afford your client an opportunity to persuade the Court that your client should be sentenced to a lesser period of incarceration and/or fine than indicated by the Sentencing Guidelines. The determination of whether your client has provided substantial assistance warranting the filing of a motion pursuant to Section 5K1.1 of the Sentencing Guidelines is within the sole discretion of the United States Attorney's Office for the District of Columbia and is not reviewable by the Court. **In the event your client should fail to perform specifically and fulfill completely each and every one of your client's obligations under this Agreement, the Government will be free from its obligations under this Agreement, and will have no obligation to present your client's case to the Departure Guideline Committee or file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines.**

ECF No. 39, at 11–12 (emphasis added); *see also United States v. Sparks*, 20 F.3d 476, 478 (D.C. Cir. 1994) ("The only government obligation is a contingent one: '[I]f the Departure Guideline Committee . . . determines that [defendant] has provided substantial assistance . . . , then this Office will file a motion pursuant to 18 U.S.C. § 3553(e), and 5K1.1'. If the contingency is not fulfilled, the departure motion is not filed. Period."); *United States v. Jones*, 58 F.3d 688, 691 (D.C. Cir. 1995) ("Because the Departure Committee did not find that Jones had provided substantial assistance, the contingency was not met and the Government had no obligation to file the motion. Nothing in the agreement suggests that if Jones volunteered all the information that he had, or all that was asked for, the Government would be bound to file the motion."); *United States v. Henry*, 758 F.3d 427, 433 (D.C. Cir. 2014) (determining that a prosecutor who failed to move for a 5K reduction but explained what information they provided to the Departure Committee and any explanation the Committee offered for declining to approve a departure motion does not violate plea agreement and obligations of good faith and fair dealing). Given the facts that the government would present to the Court and the Departure Committee if required—including the defendant's abysmal record on pretrial release,[1] her attendance at the J6 Block Party outside the D.C. Jail while in Washington, D.C. in order to testify on behalf of the government,[2] and her performance as "one of the worst witnesses" the presiding judge had ever seen at trial,[3] among other things—a 5K1.1

---

[1] *See* ECF Nos. 36 (violated condition of release restricting access to social media); ECF No. 40 (violated conditions of release regarding curfew and restricted access to social media); ECF No. 77 (violated condition of release regarding conferring with other January 6 participants and accessing social media); ECF No. 80 (compilation of pretrial violations).
[2] *See* ECF Nos. 58 (violated condition of release about associating with other January 6 defendants and witnesses by attending the J6 Block party outside the D.C. Jail), 59 (same).
[3] See, *United States v. Badalian,* 21-cr-246 (ABJ), April 4, 2023 Verdict Transcript 41: 3–19 ("But I can't in good conscience find him guilty beyond a reasonable doubt of Count 3. Gina was a hot mess. She was possibly one of the worst witnesses I've ever sat next to in this courtroom. She

departure motion is certainly not be guaranteed, even under the terms of the plea agreement.

### *Specific Performance on Presentencing Detention Does Not Apply*

The defense also seeks to enforce paragraph 8 of the plea agreement (ECF No. 39, at 6) and to require the government not to oppose the defendant's continued conditional release from detention. ECF No. 100, at 9. However, due to her pending plea to a count of 18 U.S.C. §§ 1361, 2, the government cannot bound by the initial agreement with respect to arguments on detention for this charge. Unlike her prior charges, a conviction under § 1361 requires the Court to order that the defendant be detained awaiting the execution of the sentence, pursuant to 18 U.S.C. § 3143(a)(2). 18 U.S.C. § 1361 is enumerated in 18 U.S.C. § 2332b(5)(B)(i) and is punishable by more than ten years. That means the offense is included in 18 U.S.C. § 3142(f)(1)(A), the section to which § 3143(a) directs the Court. Accordingly, section 3143(a)(2) says the defendant *shall* be detained pending imposition of sentence unless §§ 3143(a)(2) (A) *and* (B) apply. Here, Section 3143(a)(2)(A) does not apply because (i) the court cannot find a substantial likelihood that a motion for acquittal or new trial will be granted, and (ii) the government is planning to recommend a sentence of imprisonment. Therefore, it is immaterial whether, under Section 3143(a)(2)(B), the defendant can show by clear and convincing evidence that she is not likely to flee or pose a danger to any other person or the community. In short, while the government would likely not seek detention on the counts of her prior plea, the Court is constrained by statute to impose detention

---

came in beaming. She struck a pose as if this was about to be her break-out performance, a star turn . . . . But from the start, she appeared torn between her obligation to cooperate with the government and testify in a way that could improve her own sentence for her own misconduct -- which the defense maintains undermined her credibility -- but she appeared equally motivated, and in the end more motivated to maintain her standing with her peers, the patriot community in California.").

after her impending guilty on plea on § 1361.

## CONCLUSION

Accordingly, for the foregoing reasons, the government respectfully requests that the Court find the plea agreement breached in this case, and free the government from its obligations therein, as outlined in Paragraph 13 of the agreement.

    Respectfully submitted,

    MATTHEW M. GRAVES
    UNITED STATES ATTORNEY
    D.C. Bar No. 481052

    BY:  /s/
    KIMBERLY L. PASCHALL
    Assistant United States Attorney
    National Security Section
    D.C. Bar No. 1015665
    601 D Street, N.W.,
    Washington, D.C. 20530
    202-252-2650
    Kimberly.Paschall@usdoj.gov