UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No.: 21-cr-036 (CJN) |
| | : | |
| GINA BISIGNANO | : | |
|           Defendant. | : | |
| | : | |

**GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO CONTINUE TRIAL**

    The United States of America respectfully opposes Defendant Gina Bisignano's Motion To Continue Sentencing Hearing. *See* ECF No. 106.

    Within mere weeks of the riot at the U.S. Capitol on January 6, 2021, the defendant was arrested and charged for her conduct. On January 16, 2021, the defendant was charged via criminal complaint. ECF No. 1. Less than two weeks later, on January 29, 2021, a federal grand jury returned an indictment that charged the defendant with seven offenses. ECF No. 10. Through a serpentine series of delays and continuances, this prosecution is approaching its fourth year, without the defendant's case being resolved.[1] With the case already almost four years old, the defendant now seeks to tack on a few more months of delay, for no compelling reason. The United States opposes any further delays in this case.

    On October 2, 2024, the U.S. Probation Office ("Probation") reached out to counsel for the United States and counsel for the defendant, indicating Probation would seek a delay of the sentencing—then scheduled for November 7, 2024—until January 2025. To allow Probation time

---

[1] For a more extended discussion of the procedural history of this case, including previous efforts by the defendant to delay a resolution in this case, see the Government's Opposition to Defendant's Motion To Continue Trial. *See* ECF No. 78.

to complete a presentence report in this matter, the United States did not oppose Probation's request. Following an inquiry from chambers, on October 4, 2024, counsel for the defendant, likewise, stated that it did not object to the request for a sentencing in January 2025. Counsel for the defendant had every opportunity then to offer any January 2025 conflicts it had; but they offered none. On October 15, 2024, the Court granted Probation's request and rescheduled the sentencing hearing to January 16, 2025, at 12:30 p.m. Almost a month passed without any word from counsel for the defendant on any conflicts with the new sentencing date. On November 14, 2024, counsel for the defendant emailed government counsel seeking a continuance to March 27, 2025. The following day, the United States responded to defense counsel that it would oppose any further continuances in the case.

On November 20, 2024, the defendant filed the instant motion, seeking a continuance of the sentencing date to April 3, 2025.[2] In the motion, defense counsel cited two conflicts as the basis for the requested delay of almost two and a half months: First, DFPD Aminoff "will be starting a trial in another matter on January 14, 2025 in Los Angeles, California," which is estimated to last at least two weeks. ECF No. 106 at 2. And, second, DFPD Alden "is similarly occupied with other matters and has a sentencing hearing scheduled on January 17, 2025 at 8:30 a.m. in Los Angeles, California." Neither conflict justifies delay.

As an initial matter, counsel never explains precisely when these conflicts arose, and why it took counsel over a month to raise them. Certainly, to the extent these conflicts arose after the sentencing hearing in the instant case was scheduled, defense counsel should have proactively

---

[2] At the start of the instant motion, the defendant requests a continuance to March 27, 2025. ECF No. 106 at 1. However, in conclusion, and in the proposed order, the defendant seeks a continuance to April 3, 2025. *See id.* at 3; ECF No. 106-1.

avoided the scheduling conflict. To the extent the conflicts were preexisting, there is no explanation for why it took counsel over a month to identify them to the Court.

Furthermore, even if these other commitments were unavoidable, defense counsel does not explain why they actually conflict with the sentencing hearing in this case. DFPD Aminoff's trial may be a direct conflict, but DFPD Alden's sentencing hearing *the next day* presents no such conflict. A cursory review of flights between the Washington, D.C. metro area and Los Angeles metro area show several nonstop options on the evening of January 16, 2025.



Counsel does not explain why these flights would not resolve the conflict, or why the defendant requires two separate defense attorneys to be present for the sentencing in this case.

Even if the Court were inclined to accommodate further defense delays based on these recently identified conflicts, the defendant's request for a delay of over two months is unexplained and unjustified. Defense counsel made no representations regarding their availability earlier or

3

later in January, let alone in February or early March. To the extent the Court is inclined to grant a continuance, the United States asks that the Court schedule the hearing as soon as possible.

At the time of the currently scheduled sentencing hearing, this case will have been pending for four years. The public has a right to a speedy resolution of this matter, just as the defendant does. And the defendant has not made out an adequate basis for the requested continuance. For all these reasons, the defendant's motion to continue the sentencing hearing should be denied, and the Court should proceed with the sentencing hearing on January 16, 2025, as scheduled.

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar No. 481052

By:   /s/
        ANTHONY W. MARIANO
        MA Bar No. 688559
        Trial Attorney, Detailee
        KIMBERLY L. PASCHALL
        D.C. Bar No. 1015665
        Assistant United States Attorney
        Capitol Siege Section
        601 D Street, N.W.,
        Washington, D.C. 20530
        (202) 476-0319
        Anthony.Mariano2@usdoj.gov
        (202) 252-2650
        Kimberly.Paschall@usdoj.gov